Pearson, J.
 

 His Honor was of opinion, that the plaintiff must shew express malice on the part oí the defendant. Being requested to explain what was meant by express malice, he replied, “ill will — grudge—to revenge herself.” To this the plaintiff excepts.
 

 If his Honor had said particular, instead of express, malice, his meaning would have been more clearly conveyed.
 

 General malice is wickedness, a disposition to do wrong, a “ black and diabolical heart, regardless of social duty and fatally bent on mischief.” This is malice against mankind, and was the definition,insisted on by the plaintiff’s counsel, in the argument before us.
 

 Particular malice is ill will, grudge, a desire to be revenged on a particular person, which is the definition given by his Honor.
 

 The case, then, as we infer, was intended to present this question. In an action for malicious prosecution, is it sufficient for the plaintiff to shew, that the defendant, in instituting the prosecution, was influenced by general malice, or must he shew, that the defendant had particular malice against him? His Honor thought the plaintiff must shew particular malice, on the part of the defendant, towards him. We concur in this opinion. 1
 
 Step, nisi prius,
 
 2295.
 

 This particular malice may be proven by positive testimony of threats or expressions of ill will, used by the defendant in reference to the plaintiff, or it may be
 
 inferred
 
 from the want of probable cause and other circumstances, such as that set out in the conclusion of the case
 
 *262
 
 —the pendency of a law suit between the parties, which is apt to engender angry feelings.
 

 1 We do not understand from the manner, in which the case is made up, and it was not contended in the argument, that his Honor meant to lay down the position, or was so understood, by the use of the term “ express malice,” that the particular malice, necessary to support the action, must be proven by positive testimony of ill will, and that it could not be inferred by the jury, from a want of prob • able cause or other circumstances. When there is a total want of probable cause, the jury will infer malice, almost of necessity ; as a prosecution, wholly groundless, cannot be accounted for in any other way.
 

 Per Curiam, Judgment affirmed.