GEORGE ELLIS v. W. B. HAMPTON.

(Decided November 9, 1898).

*Malicious Prosecution.*

Where two parties have been arrested on a criminal charge and both being acquitted, one of them institutes an action for malicious prosecution, while evidence of malice towards both is competent as going to show the prosecutor's state of mind towards the plaintiff at that time, yet for the purpose as ascertaining the punitive damages to which the plaintiff is entitled to recover, the defendant's words and acts towards the plaintiff are only to be considered, and the jury should be so instructed.

CIVIL ACTION for damages for malicious prosecution tried before *Robinson, J.,* at March Term, 1898, of Superior Court of DURHAM County.

The plaintiff and Adolphus Mangum had been jointly prosecuted and acquitted.   There was evidence of malice towards both on part of defendant.   Among the exceptions made by the defendant to his Honor's charge was one to the instruction upon express malice.

Verdict and judgment against the defendant, who appealed.

The instruction excepted to is stated in the opinion.

*Messrs. Manning & Foushee* and *Graham, Green & Graham,* for defendant (appellant).

*Messrs. Winston & Fuller* and *Boone & Bryant,* for plaintiff.

MONTGOMERY, J.: The plaintiff, together with Adolphus Mangum, was arrested on the charge made by the defendant, that in 1894 the plaintiff aided and abetted Mangum in unlawfully and wilfully removing and dis-

Ellis *v.* Hampton.

posing of certain crops grown by Mangum, as tenant of
defendant, on the defendant's land, before Mangum had
paid for advances of supplies made to him by the de-
fendant to make the crop, without the knowledge and
consent of the defendant and without giving him notice
as required by Section 1759 of *The Code.* The plaintiff
and Mangum were acquitted of the charge, and the
plaintiff brought this action for damages against the
defendant for alleged malicious prosecution. There was
evidence received tending to show ill will and malice
from the defendant toward Mangum  On this point his
Honor instructed the jury that "in addition to malice,
which may be inferred from want of probable cause,
the jury will consider all the evidence offered by the
plaintiff to show express malice on the part of the de-
fendant towards both the plaintiff and Mangum, whom
the defendant prosecuted with the plaintiff in the same
warrant."

In *Brooks* v. *Jones*, 33 N. C., 260, it was held that in
actions for malicious prosecution the plaintiff must show
particular malice as *contra* distinguished from general
malice, a disposition to do wrong—malice against man-
kind—on the part of the defendant towards him. The
Court in that case said "This particular malice may be
proved by positive testimony of threats or expressions
of ill will used by the defendant in reference to the
plaintiff, or it may be inferred from the want of probable
cause and other circumstances." However, in *Thomas*
v. *Norris*, 64 N. C., 780, apparently, a different rule is
laid down. There, evidence of malice on the part of
the defendant against another person, who was arrested
under the same warrant with the plaintiff, was received
as evidence of malice toward the plaintiff also. We
will not enter into a discussion of any seeming incon-

Ellis *v.* Hampton.

sistency between the rules of evidence laid down in the two cases. It is not necessary to a proper determination of the correctness of that part of his Honor's charge which we are considering. We can only say that we cannot carry any further the rule laid down in *Thomas* v. *Norris, supra.* The charge of his Honor went further: The effect of the instruction of the Court was that the jury might estimate the punitive damages in favor of the plaintiff by their taking into consideration each and all of the defendant's words and acts which tended to show malice and ill will on the part of the defendant toward not only the plaintiff, but also toward Mangum. The jury were substantially instructed to add to the damages (punitive) which the plaintiff was entitled to recover for the malicious prosecution of himself by the defendant, those which the defendant might have been liable for for having prosecuted Mangum with malice. At the most, his Honor should, under the ruling in *Thomas* v. *Norris, supra*, have told the jury that they might consider the evidence going to show malice against Mangum as tending to show malice against the plaintiff also; but that they must not consider the particular acts and words done and spoken by the defendant showing malice against Mangum to enhance the punitive damages, to which the plaintiff might have been entitled for the injury done to himself. The evidence of malice on the part of the defendant toward Mangum was only competent as going to show the state of his mind at that time towards the plaintiff.

For the error pointed out in the charge, there must be a new trial.

New trial.