SAVAGE v. DAVIS.

(Filed October 14, 1902.)

1. PLEADINGS—*Answer—Set-off—Counter-claim.*

In an action for malicious prosecution an allegation in the answer that the plaintiff admitted on trial before justice that he owed defendant a certain amount, is a sufficient pleading of a set-off.

2. MALICIOUS PROSECUTION—*Malice—Torts.*

In an action for malicious prosecution, it is necessary that the ill-will or malice should have existed against the plaintiff personally.

ACTION by T. F. Savage against J. A. Davis, heard by Judge *E. W. Timberlake* and a jury, at October Term, 1901, of the Superior Court of EDGECOMBE County. From a judgment for the plaintiff, both plaintiff and defendant appealed.

No counsel for the plaintiff.

*Jno. L. Bridgers,* and *G. M. T. Fountain,* for the defendant.

PLAINTIFF'S APPEAL.

MONTGOMERY, J. The complaint embraces two causes of action, the first count charging the defendant with a malicious prosecution without probable cause, and the second, the slander of the plaintiff by the defendant growing out of the same transaction. The defendant, in his answer, denies hav-

ing prosecuted the plaintiff maliciously and with out probable cause, and also denies that he used the slanderous words imputed to him by the plaintiff. The jury answered all the issues in favor of the plaintiff, and assessed his damages, on the issue as to the malicious prosecution, in the sum of $500, and his damages for injury on account of the slander at nothing. The defendant, in his answer, made the following averment: "That T. F. Savage claimed that he alone purchased the guano, on the trial of the said warrant, and was chargeable therewith; that the value thereof is $120, with interest from November 1, 1898, and said plaintiff is therefore indebted to the defendant in said amount." The defendhad arrested and brought before a Justice of the Peace the plaintiff on a charge of having gotten five tons of guano from him, the defendant, under false pretense. On the trial of the action in the Superior Court, the plaintiff denying that he procured the guano under a false pretense, admitted that he had received four tons at the price claimed by the defendant, and his Honor, treating the averment as a set-off, though inadvertently calling it a counter-claim, gave judgment for the plaintiff for the $500 against the defendant, less the amount of the four tons of guano, which the plaintiff admitted that he received from the defendant. The plaintiff thereupon demurred *ore tenus* to that section of the answer which his Honor treated as a set-off, on the ground that it did not take the cause of action in respect to said *counter-claim,* and the Court had no jurisdiction of the same. The Court overruled the demurrer, and rendered a judgment as above set out, and the plaintiff excepted and appealed.

The exception of the plaintiff was not to the pleading of a set-off in an action in tort, but the exception was first to the jurisdiction of the Court, the amount of the set-off being less than $200; and second, to the failure of the defendant to state a cause of action in counter-claim. But it will be seen

by reference to that part of the defendant's answer that a counter-claim was not intended to be, nor was in fact, pleaded. It was only a set-off sufficiently pleaded, and the Court comn itted no error in deducting it from the amount of the plainti f's recovery. There was, as we have said, no demurrer to th·: pleading of the set-off in the action.

No Error.·

### DEFENDANT'S APPEAL.

MONTGOMERY, J. His Honor properly charged that the plaintiff's right to recover, on the issue concerning malicious prosecution, was dependent upon both malice and want of probable cause on the part of the defendant. In explaining the term "malice," his Honor said to the jury: "Whenever want of probable cause is found by the jury, the jury may infer malice therefrom, or not, but there is no presumption of malice, simply an inference which the jury may or may not draw. The plaintiff contends that in addition to the inference which you may draw from the want of probable cause, he has offered you evidence upon which you should find malice. There is evidence tending to show that on several occasions the defendant said if he was not paid he would put the plaintiff in the penitentiary, and tending to show that he started the prosecution to collect his money. These are circumstances to be considered by you on the question of malice. On the other hand, the defendant denies this evidence, and says he had no malice against the plaintiff; that he honestly believed that he had gotten his guano under false pretenses, and to guard against error he employed and consulted counsel. All of these circumstances are to be considered by you as tending to negative malice, and it is your duty to consider them carefully and impartially. Unless you find malice, although you may find want of probable cause, you will answer the issue 'No.' But if you should find both, under the rules

of proof laid down as to evidence and law, you will answer the issue 'Yes.' By malice is not necessarily meant that state of mind which must proceed from a spiteful, malignant and revengeful disposition, but it includes as well that which proceeds from an ill-regulated mind not sufficiently cautious and recklessly bent on the attainment of some desired end, although it may inflict wanton injury on another."

If no other instruction had been requested by the defendant, that charge might be sufficient on the question of malice. But the defendant requested the Court to instruct the jury more particularly as follows: "By malice is meant special or particular malice—not general malice—but particular malice against the plaintiff. So, before the plaintiff can ask a verdict at your hands on the first issue, he must show you that the defendant was prompted by particular malice toward him in procuring the warrant complained of in this action, and at the same time did not have reasonable grounds or probable cause to commence the prosecution."

In *Brooks v. Jones,* 33 N. C., 260, which was an action for malicious prosecution, the Court said: "The case, then, as we infer, was intended to present this question:   In an action for malicious prosecution, is it sufficient for the plaintiff to show that the defendant, in instituting the prosecution, was influenced by general malice, or must he show that the plaintiff had particular malice against him?   His Honor thought the plaintiff must show particular malice on the part of the defendant towards him."   We concur in this opinion.   In actions for libel, it is not necessary that the ill-will or malice should exist against the plaintiff personally.   *Gattis v. Kilgo,* 128 N. C., 402.   The rule, however, is different in actions for malicious prosecution, as we have seen.

Error.