## GATTIS v. KILGO.

(Filed November 22, 1905).

*Slander and Libel — Privileged Occasions — Absolute and Qualified — Question for Court — Effect of Privilege — Malice—Question for Jury.*

1.  The investigation of charges against the president of a college before its board of trustees is not absolutely, but qualifiedly privileged and so is the publication of the proceedings in pamphlet form, which was intended for circulation among the patrons of the college and those likely to become its patrons.

2.  Any statement or communication is conditionally privileged when made *bona fide* about something in which (1) the speaker has an interest or duty; (2) the hearer has a corresponding interest or duty; and (3) when the statement or communication is made in protection of that interest or in performance of that duty.

3.  The standard of privilege is the standard of the law, not of the individual, and the privilege depends not on what the individual may have supposed to be his interest or duty, but upon what a judge decides, as a matter of law, his interest or duty to have been.

4.  The effect of the privilege is to cast upon the plaintiff the burden of showing malice on the defendant's part in uttering or publishing the alleged slanderous words.

5.  If one exceeds the privilege, its protection to him ceases and the ordinary rules of liability apply.

6.  Whether one has exceeded the privilege and whether he was actuated by malice are ordinarily questions for the jury.

7.  Proceedings before school boards, religious, fraternal and like organizations, are within the class having only a qualified privilege and are protected by such privilege when it is properly used and not abused.

8.  Absolute privilege is generally confined to judicial and legislative proceedings and official communications of a public nature, where the interest of the public is directly concerned.

ACTION by Thos. J. Gattis against J. C. Kilgo and B. N. Duke, heard by *Judge Fred Moore* and a jury, at the June Special Term, 1905, of the Superior Court of WAKE. From a judgment of nonsuit, the plaintiff appealed.

*Graham & Devin, Guthrie & Guthrie, Argo & Shaffer, C. B. Watson, A. A. Hicks, S. M. Gattis* and *J. N. Holding* for the plaintiff.

*R. W. Winston, B. S. Royster, T. T. Hicks, F. L. Fuller* and *Aycock & Daniels* for the defendants.

*Per Curiam:* The court is of the opinion that the investigation of the charges against defendant Kilgo before the board of trustees of Trinity College was not absolutely, but qualifiedly privileged, and so was the publication of the proceedings in the pamphlet, known in the case as the "Blue Book," which was intended for circulation among the patrons of the college and among those likely to become its patrons. Any statement or communication is conditionally privileged when made *bona fide* about something in which (1) the speaker has an interest or duty; (2) the hearer has a corresponding interest or duty; and (3) when the statement or communication is made in protection of that interest or in performance of that duty. It must be uttered in the honest belief that it is true. The standard of privilege is the standard of the law, not of the individual, and the privilege depends, not on what the individual may have supposed to be his interest or duty, but upon what a judge decides, as matter of law, his interest or duty to have been. The court determines what is and what is not privileged. The effect of the privilege is to cast on the plaintiff the burden of showing malice on the defendant's part in uttering or publishing the alleged slanderous words. If one exceeds the privilege, its protection to him ceases and the ordinary rules of liability apply. Whether he has exceeded it and whether he was

actuated by malice are ordinarily questions for the jury. 1 Jaggard on Torts, 530, 531. Proceedings before school boards, religious, fraternal and like organizations are within the class having only a qualified privilege and are protected by such privilege when it is properly used and not abused. 1 Jaggard, 539. Absolute privilege is generally confined to judicial and legislative proceedings and official communications of a public nature, where the interest of the public is directly concerned. 1 Jaggard, 526, *et seq.*

The plaintiff having declared on the publication of the pamphlet, must show that the defendants were prompted by actual or express malice in making the publication. There is no cause of action alleged against the defendant Kilgo for slander in making his speech before the board, nor is there any alleged against the defendants, Duke and Kilgo, for libel in publishing the speech in *The Morning Post* and other newspapers. Testimony as to the latter publication was introduced to show malice in publishing and circulating the pamphlets. A majority of the judges sitting are of the opinion that there is no evidence of malice as to the defendant Duke, and that there is no evidence that the defendant Kilgo participated in the publication of his speech in the newspapers. Upon the question, whether there is any evidence that the defendant Kilgo was actuated by malice in publishing the pamphlets, the judges are equally divided in opinion, two of the judges holding that there is evidence in the case, certainly when coupled with what was improperly excluded, which requires that the cause be submitted to the jury, and the other two judges holding that there is no such evidence.

It is not deemed necessary to review the evidence or discuss the case so far as the defendant Duke is concerned. No useful precedent would be furnished, as a case resembling this, even in its general features, is not apt to be again presented, and no new or important principle of law is involved. As to the defendant Kilgo it has not been usual to do more

GATTIS *v.* KILGO.

than merely announce the result when there is a divided court, as diverse opinions of the judges in such a case could not possibly have the weight of precedents. There could be no opinion of the court.

Governed by the law, as determined upon the facts by a majority of the court in respect to the defendant Duke, and by the course and practice of this court (when its members are equally divided in opinion) in respect to the defendant Kilgo, we must affirm the judgment of the court below and the action will stand dismissed.

Affirmed.

CLARK, C. J., did not sit.