· W. J. RICE v. WILLIAM McADAMS et al.

(Filed 5 November, 1908).

1. Procedure—Slander—Misjoinder of Defendants.

A joint action may not ·be maintained against two or more persons for slanderous words spoken, unless the defendants are connected by allegation and proof of a common design and purpose.

2. Pleadings—Demurrer—Amendments—Acquiescence—Practice. ·

When the trial Judge sustains a demurrer to the complaint upon the grounds that two or more defendants were improperly joined in an action, to which plaintiff does not except, but obtains leave and amends the complaint to meet the views of the Court, he acquiesces in the judgment upon demurrer and will not be permitted to assign it for error upon an appeal. The better practice would be a request that the action be divided and tried separately.

3. Pleadings—Amendments—Slander—Conspiracy Alleged—Theory of Trial—Instructions.

When, owing to an amendment·of pleadings, the trial of slander against two defendants joined in the same suit is necessarily upon the theory of conspiracy, and no other, and the issues are not so framed, it is the duty of the trial Judge to try the case upon the amended pleadings, and it is not error for him to ·so instruct the jury under the issues that they may not be misled by their form.

ACTION for slander, tried before *Webb, J.,* and a jury, at March Term, 1908, of ORANGE.

These issues were submitted without exception:

1. Did the defendants falsely and maliciously speak of the plaintiff to Jacob Douglass the words set out in section two of the complaint, or words of same substance? Answer: No.

2. Did the defendants, in the home of Will Tate and John Tate, falsely and maliciously speak of the plaintiff the words

set out in section three of the complaint, or words of same substance? Answer: No.

3. Did defendants falsely and maliciously speak to Thomas Lynch concerning the plaintiff the words set out in section four of complaint, or words of same substance? Answer: No.

Plaintiff appealed. The facts are stated in the opinion of the Court, by *Brown, J.*

*John W. Graham* and *Paul C. Graham* for plaintiff.
*Winston & Bryant* and *S. M. Gattis* for defendant.

BROWN, J. 1. In the complaint as originally drawn, the plaintiff undertook to join these two defendants for uttering different slanderous words as to him. The defendants demurred *ore tenus* to the complaint upon the ground of a misjoinder.

We are not favored by plaintiff with any authority which, we think, sustain his contention that a joint action may be maintained against two or more persons for words spoken, unless the defendants are connected by allegation and proof of a common design and purpose. As a general rule, such an action cannot be maintained, for the words of one are not the words of the other. 25 Cyc., 434, and cases cited. But, however that may be, Judge Councill, then presiding, sustained the demurrer, and the plaintiff did not except, but sought and obtained leave to amend his complaint, and did amend it by interlining words, charging a conspiracy between the two defendants to jointly defame and slander the plaintiff.

It was upon this amended complaint, and the original answer denying the charge, that the case was tried.

If plaintiff was dissatisfied with the ruling he should have excepted and appealed. *Gattis v. Kilgo,* 125 N. C., 135. Or, better still, for an expeditious hearing, he could have asked the Court to divide the actions and try them separately. *Street v. Tuck,* 84 N. C., 605. Instead of doing either, the

plaintiff acquiesced in the ruling of the Court and amended the complaint to accord with his Honor's views.

We take the law to be that where, after judgment upon demurrer, as in this case, the plaintiff does not except, but amends his complaint so as to meet the views of the Court, he acquiesces in the judgment upon the demurrer, and will not be allowed to assign it for error upon appeal. 2 Cyc., p. 645, and cases cited.

2. There are no exceptions to evidence, and the assignments of error relate to a part of the charge of his Honor as follows: "This is an action for slander, charging that the defendants combined and conspired to slander the plaintiff. The plaintiff contends that the defendants combined and conspired to utter the words set out in the complaint and to do him injury. The defendants contended that there was no conspiracy, no combination, no malice, no understanding to utter the words complained of. The burden was on the plaintiff to show a conspiracy; to show that malice would be presumed from the use of the words set out in the complaint, and the burden of justifying the charges or showing that they were true would be upon the defendant. Unless the jury was satisfied by the greater weight of the evidence of a conspiracy or combination formed and entered into by the defendants to speak the words set out in the complaint and to charge the plaintiff with larceny of wheat, then the jury will answer the first three issues 'No,' and need not consider the fourth issue, as this would be the end of the case." We find no error in this instruction.

It is true the issues were not framed upon the theory of a conspiracy, but the case was tried upon that theory, and no other, and properly so in deference to the previous ruling of Judge Councill.

It became the duty of Judge Webb to try the case upon the amended pleadings, as he did, and to instruct the jury,

as he did, so they would not be misled by the form in which the issues were drawn.

Upon a review of the entire record we find

No error.