## SAMUEL H. NEWBERRY v. CLEVELAND L. WILLIS.

(Filed 14 March, 1928.)

**1. Libel and Slander—Qualified Privilege—Limitations Thereon.**

Qualified privilege cannot successfully be pleaded as a bar to an action for slander when the fact is established that the defamatory words were untrue and maliciously spoken.

**2. Appeal and Error—Burden of Showing Error.**

The burden is on the appellant to show error in the Supreme Court, and when none is made to appear the judgment rendered in the Superior Court in appellee's favor will be affirmed.

APPEAL by defendant from *Harris, J.,* at December Term, 1927, of CARTERET.

Civil action for slander, in that it is alleged the defendant falsely and maliciously charged the plaintiff with perjury while defending his administration as postmaster of Morehead City before the Carteret County Republican committee, assembled for the purpose of recommending an appointee for said post office.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did the defendant speak of and concerning the plaintiff the words in substance alleged in the complaint? Answer: Yes.

"2. If so, were they true? Answer: No.

"3. If so, were they privileged? Answer: No.

"4. What compensatory damage, if any, is the plaintiff entitled to recover from the defendant? Answer: Three hundred dollars.

"5. What punitive damage, if any, is plaintiff entitled to recover? Answer: Three hundred dollars."

Judgment on the verdict for plaintiff, from which the defendant appeals, assigning errors.

*D. L. Ward, J. F. Duncan, J. Frank Wooten and D. L. Ward, Jr., for plaintiff.*

*E. H. Gorham for defendant.*

STACY, C. J. The defendant stressfully contends that, as a matter of law, the occasion in question was a qualifiedly privileged one and that it was error to submit the third issue to the jury. *Gattis v. Kilgo,* 128 N. C., 402, 38 S. E., 931, *S. c.,* 140 N. C., 106, 52 S. E., 249.

*Non constat* the words spoken were not true, and the jury has found, under the court's charge, that they were uttered maliciously. The third issue, therefore, may be disregarded without disturbing the judgment. *Ferrell v. Siegle, ante,* 102; *Elmore v. R. R.,* 189 N. C., 658, 127 S. E., 710.

Speaking to the question in *Byrd v. Hudson,* 113 N. C., 203, 18 S. E., 209, *Clark, J.,* delivering the opinion of the Court, said: "In *Ramsey v. Cheek,* 109 N. C., 270, the law of slander and libel is thus summarized: (1) When the words are actionable *per se,* unless the matter is privileged, the law presumes malice, and the burden is on the defendant to show that the charge is true. (2) If it is a case of absolute privilege, no action can be maintained, even though it could be shown that the charge was both false and malicious. (3) In a case of qualified privilege, the burden is on the plaintiff to prove both the falsity of the charge and that it was made with express malice. Or to put it more succinctly, if the words are actionable *per se* in 'unprivileged' slander and libel, falsity and malice are prima facie presumed. If 'absolutely privileged,' falsity and malice are irrebuttably negatived, and if it is a case of 'qualified privilege,' falsity and malice must be proven."

No reversible error having been made to appear on the record, the verdict and judgment will be upheld.

No error.