## C. H. FIELDS v. PAGE TRUST COMPANY.

### (Filed 14 March, 1928.)

**Libel and Slander—Qualified Privilege—Banks.**

> A bank in good faith marking a check "signature forged," and refusing payment on this ground, acts within a qualified privilege, and is not liable in damages to the drawer thereof.

APPEAL by plaintiff from *Grady, J.,* at September Term, 1927, of LEE.

Civil action for libel, in that it is alleged the defendant wrongfully returned a check negotiated by plaintiff with notation written thereon, "signature forged."

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did the Page Trust Company cause the words "signature forged" to be endorsed on the check issued to plaintiff by M. D. Wicker, and thereafter returned the same to Wilkins-Ricks Company, as alleged in the complaint? Answer: Yes.

"2. Did the notation on said check and the return thereof to Wilkins-Ricks Company amount to a charge against the plaintiff that he had forged the same, or uttered the same, knowing it to be forged, as alleged in the complaint? Answer: Yes.

"3. If so, was said charge false? Answer: Yes.

"4. If so, did the Page Trust Company act in good faith in placing said notation on said check? Answer: Yes.

"5. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $150."

From a judgment for the defendant, *"non obstante veredicto,"* the plaintiff appeals, assigning errors.

*Hoyle & Hoyle for plaintiff.*
*Williams & Williams for defendant.*

STACY, C. J. Judgment was correctly entered for the defendant. The occasion being a qualifiedly privileged one, and the jury having found that the defendant acted in good faith, the answer to the fifth issue was properly disregarded. *Newberry v. Willis, ante,* 302.

No error.