JULIA LASALLE STEVENSON v. DR. JAMES M. NORTHINGTON ET AL.

(Filed 14 June, 1933.)

**1. Libel and Slander B b—Actual malice terminates qualified privilege and such malice need not be directed against plaintiff personally.**

Although falsity and actual or expressed malice must be shown to establish liability for an alleged libel where the defendant is under a qualified privilege, such malice need not be directed against the plaintiff personally, it being sufficient if the defendant was governed by a bad motive and did not act in good faith, and the instruction in this case

that defendant would not be liable "unless it was done with some malice, not necessarily ill-will; but without just cause or excuse, why then that would end the case—that is to say, if it was done in good faith, why then that would end the case" when taken in connection with other portions of the charge is held not erroneous as failing to draw the distinction between actual and implied malice.

2. **Appeal and Error J e: J g—Defendant may not complain where recovery is correctly had on theory of trial favorable to defendant.**

Where an action for libel is tried upon the defendant's theory that the publication was qualifiedly privileged and not upon plaintiff's contention that no privilege attached thereto, and the jury has found that the publication was false and made with actual malice, it is unnecessary to decide upon defendant's appeal whether the publication was qualifiedly privileged, and defendant has no just cause to complain, the case having been tried upon the theory most favorable to him.

3. **Libel and Slander A b—In this action for libel plaintiff is held to have sufficiently proven damage.**

Where in an action for libel the plaintiff not only proves losses of a financial nature, but also proves injury to her reputation and standing in the community tending to injure her in her calling or profession, defendant's contention that the action should be dismissed for failure to prove damages cannot be sustained.

4. **Libel and Slander D b—**

Evidence in this action for libel is held sufficient to be submitted to jury and overrule defendant's motion as of nonsuit.

APPEAL by defendants from *Alley, J.,* at March Term, 1933, of BUNCOMBE.

Civil action for libel. The Tri-State Medical Association was not served with summons.

The plaintiff, who testifies that she is a professional teacher of educational psychology, a lecturer on personality, beauty and charm, was pursuing her profession in Charlotte, N. C., during the summer of 1926, when the defendant, who is the editor of the official organ of the Tri-State Medical Association, "Southern Medicine and Surgery," published in said magazine, in the June and July issues, articles of and concerning the plaintiff, one under the heading: "For War on Medical Fakers: With Field Notes of a Skirmish: The Fantastic Cults and Isms Will be Energetically Opposed and Exposed at Every Opportunity," meaning thereby to charge the plaintiff with being a faker, a teacher of fantastic isms, and a member of fantastic cults. It was asserted in said article that the plaintiff had been arrested in Florida for practicing medicine without a license, which was true, but omitted to state that the case against her was dismissed. Defendant's publication also contained the statement that plaintiff advertised in McFerrin's Health Bulletin, "whose columns were patronized by either quacks or faddists, and doubtless 'Dr. Stevenson feels at home among this class."

Plaintiff testified that the defendant came to her hotel while she was in Charlotte and threatened to do her harm. He is alleged to have said, "I will find something, if I want to, against you, and I am going to"; whereupon the defendant was shown the door. Plaintiff lectured upon such subjects as "The Cause of Old Age," "How to Stay Young," "Rejuvenation Through Auto-Suggestion," "Eating Your Way Back to Health," "Forces Within You and How to Use Them," and other subjects of like nature.

Again, in the summer of 1931, while the plaintiff was lecturing in Asheville, N. C., or preparing to lecture before the Asheville Normal and Teachers College, the defendant wrote to Dr. John E. Calfee, president of said institution, and enclosed copies of his articles as "bits of information for whatever disposal you care to make," which said articles were read before the school, and the plaintiff's work brought to a close.

The defendants, other than the Tri-State Medical Association, pleaded the truth of the articles as a defense, also their qualified privilege and alleged that they were written in good faith, without any malice or ill-will towards the plaintiff.

The jury returned the following verdict:

"1. Did the defendant publish of and concerning the plaintiff the matters alleged in the complaint by writing letter and mailing clippings from his publication to Dr. John E. Calfee? Answer: Yes.

"2. Were such statements false and defamatory? Answer: Yes.

"3. Was such publication done in malice? Answer: Yes.

"4. What damage, if any, is plaintiff entitled to recover? Answer: $3,000."

Judgment on the verdict in the General County Court, from which the defendants appealed on questions of law to the Superior Court of Buncombe County where the judgment of the trial court was upheld.

From this latter judgment, the defendants appeal, assigning errors.

*Kitchin & Kitchin and Weaver & Miller for plaintiff.*
*B. S. Whiting and Brock Barkley for defendants.*

STACY, C. J., after stating the case: The trial court held that the original publication of the alleged defamatory articles was privileged, and limited the plaintiff to the subsequent publication of said articles in 1931, when the defendant mailed them to Dr. Calfee, president of the Asheville Normal and Teachers College, and caused plaintiff's work in Asheville to be stopped.

It is the contention of the defendant that this letter was, at least, qualifiedly privileged, and, therefore, both falsity and actual or express

malice must be shown to establish liability. *Ramsey v. Cheek,* 109 N. C., 270, 13 S. E., 775; *Brown v. Lumber Co.,* 167 N. C., 9, 82 S. E., 961; *Newberry v. Willis,* 195 N. C., 302, 142 S. E., 10; *Hartsfield v. Hines,* 200 N. C., 356, 157 S. E., 16.

The question is presented by exception to the following instruction on the third issue: "The court instructs you unless it was done with some malice, not necessarily ill-will; but without just cause or excuse, why then that would end the case—that is to say, if it was in good faith, why then that would end the case."

The contention is, that, in a case of this kind, express or actual malice must be proved, and not merely legal or implied malice; and *Ramsey v. Cheek, supra,* is cited as a controlling authority on the subject. There, it was said: "In this class of cases (qualified privilege), an action will lie only where the party is guilty of falsehood and express malice. 13 A. & E., 406. Express malice is malice in fact, as distinguished from implied malice, which is raised as a matter of law by the use of words libelous *per se,* when the occasion is not privileged. Whether the occasion is privileged is a question of law for the court, subject to review, and not for the jury, unless the circumstances of the publication are in dispute, when it is a mixed question of law and fact."

But taking the instruction in connection with other portions of the charge, we do not regard it as necessarily offending against the distinction between actual and implied malice, though it might have been clearer. Speaking to a similar instruction in *Gattis v. Kilgo,* 128 N. C., 402, 38 S. E., 931, it was said: "In his charge on the question of malice, his Honor was also correct in stating in substance that although the malice, which is a necessary ingredient in the constitution of a libel where the publication is privileged, is actual or express malice—that which is popularly called malice—and not malice in law, yet that it was not necessary that the ill-will or malice of the defendant should have been against the plaintiff personally, and that if the publication was not in good faith for the reason claimed, but from a wrongful, indirect and ulterior motive and was false, the same would be malicious. The request, therefore, of the defendants' counsel to the court for instruction that malice in fact means personal ill-will and a desire to injure the plaintiff was properly refused. *Ramsey v. Cheek,* 109 N. C., 270; Odgers Libel and Slander, 266, 267."

In actions for libel, it is not necessary that particular ill-will or malice should exist toward the plaintiff. *Savage v. Davis,* 131 N. C., 159, 42 S. E., 571. It may be otherwise in an action for malicious prosecution. *Brooks v. Jones,* 33 N. C., 260; *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446. Or where punitive damages are sought to be recovered. *Tripp v. Tobacco Co.,* 193 N. C., 614, 137 S. E., 871.

It will be observed that in the instruction here complained of the jury was told if the letter in question was written in good faith, "why then that would end the case." So, the jury must have found that the articles were false, and that the letter was mailed to Dr. Calfee maliciously or for no good purpose. The plaintiff was required to show that the defendant was governed by a bad motive, and that he did not act in good faith. *Riley v. Stone,* 174 N. C., 588, 94 S. E., 434. Malice in this connection is defined as "any indirect and wicked motive which induces the defendant to defame the plaintiff. If malice be proved, the privilege attaching to the occasion is lost at once." Odgers Libel and Slander, 267. The privilege attaching to the occasion in the instant case, therefore (if indeed any attached, which may be doubted), was at once lost upon the showing of malice. *Ramsey v. Cheek, supra; Bryd v. Hudson,* 113 N. C., 203, 18 S. E., 209.

The plaintiff contends that in mailing the letter to Dr. Calfee, the defendant was not actuated by any desire to protect the public, but was possessed of a spirit of unkindness, and sent the letter "with intent to injure her." The defendant, on the other hand, says that he was merely interested in the medical profession; that he acted in good faith, with no ulterior motive, and that he mailed the letter only in the interest of the public good. These contentions were fully given to the jury by the trial court in its instructions. Hence, viewed in the light of the whole charge, it would seem that the excerpt is free from reversible error. *Lewis v. Carr,* 178 N. C., 578, 101 S. E., 97; *Adcock v. Marsh,* 30 N. C., 360.

Having reached the above conclusion with respect to the exception to the charge, it is unnecessary to decide whether the occasion was in fact "unprivileged" as the plaintiff contends (*Alexander v. Vann,* 180 N. C., 187, 104 S. E., 360), or "qualifiedly privileged" as the defendant asserts. *Elmore v. R. R.,* 189 N. C., 658, 127 S. E., 710; *Fields v. Bynum,* 156 N. C., 413, 72 S. E., 449. The case was tried upon the defendant's theory, which was more favorable to him than the plaintiff's, thus leaving him without cause for complaint so far as the question of qualified privilege is concerned. Undoubtedly, the publication was actionable, if untrue and not privileged, for it tended to expose the plaintiff to ridicule or scorn, and was calculated to injure her in her calling or profession. *Pentuff v. Park,* 194 N. C., 146, 138 S. E., 616; *Riley v. Stone, supra.*

Finally, it is contended the action should be dismissed because no damage has been shown. The point is without merit. Plaintiff not only proved losses of a financial nature, but she also established injury to her reputation and standing in the community as a result of the publication in question. Her answer to this contention is one of philosophic paraphrase: "He who steals my purse steals trash, but he who robs me of my good name takes all that I have; takes that which enricheth him

not, but impoverisheth me." Verily, a good name is rather to be chosen than great riches. Prov. 22 :1.

The evidence is quite sufficient to carry the case to the jury, and in no view of it, could the motion to nonsuit have been allowed. *Pentuff v. Park, supra; Ivie v. King,* 167 N. C., 174, 83 S. E., 339; 17 R. C. L., 294.

A careful perusal of the record leaves us with the impression that the case is free from reversible error. The judgment of affirmance entered by the Superior Court will be upheld.

Affirmed.