W. A. MANLEY v. GREENSBORO NEWS COMPANY and L. R. RUSSELL.

(Filed 4 February, 1955.)

1. **Conspiracy § 2—Evidence held insufficient to support allegation of conspiracy in publication of libel.**

   Plaintiff, a candidate for public office, alleged that the opposing candidate and a newspaper company collaborated and conspired in the publication of defamatory matter for the purpose of causing the defeat of plaintiff in the primary election. The only evidence of conspiracy on the part of the individual defendant was that he had filed a protest and challenge of plaintiff's candidacy with the Board of Elections, that he talked with a reporter and an employee of the paper about it prior to publication, and that the newspaper published the challenge along with plaintiff's denial of the truth of the matters therein asserted. *Held:* The evidence is insufficient to support the allegation of collaboration and conspiracy as against either of the defendants.

2. **Same—**

   A person may not conspire with himself.

3. **Libel and Slander §§ 9, 12—**

   Plaintiff, a candidate for public office, brought this action for libel against the opposing candidate and a newspaper alleging that the publication of a libelous article in the newspaper was pursuant to a conspiracy between defendants. There was no contention or evidence that the individual defendant was an employee of the newspaper or was acting for it. *Held:* In the absence of evidence of conspiracy, nonsuit was properly entered, since libel is an individual tort incapable of joint commission.

4. **Pleadings § 24—**

   Allegation without proof is insufficient.

5. **Trial § 23a—**

   Where there is a total failure of proof to support an essential allegation of the complaint, nonsuit is proper.

**6. Trial § 26—**

   Plaintiff brought this action against two defendants, alleging a libel pursuant to a conspiracy. There was a total failure of proof of conspiracy, and nonsuit was entered. *Held:* Defendants' contention that the action should have been divided, but not dismissed, will not be considered when it appears that plaintiff did not request the trial court to dismiss the action against one defendant and to proceed against the other, and did not except and assign as error the failure of the trial court to divide the actions.

APPEAL by plaintiff from *Patton, Special Judge,* February Civil Term 1954 of GUILFORD.

Civil action to recover compensatory and punitive damages from the defendants for libel.

Plaintiff was a candidate in the Democratic Party Primary Election 1952 for the nomination as Constable for Morehead Township, Guilford County. Plaintiff ran second in the first primary, and called for a second primary, which was held on 28 June. On 17 June the defendant Russell, a resident of Guilford County, filed with the Guilford County Board of Elections a protest and challenge, which was sworn to, of the right of plaintiff to call for a second primary "for that in fact and in law, he is unqualified to hold office, or to register and vote in any primary or general election, and in support of this challenge I do hereby allege upon information and belief as follows: 1. That W. A. Manley has heretofore been convicted of the felony of murder, or manslaughter, by reason of which he has lost his citizenship.   2. That W. A. Manley cannot read and write, and consequently is not qualified in law to register, vote, or be a candidate in any primary election."

The defendant, the Greensboro News Company, then and now, owns, publishes and controls the *Greensboro Daily News* and the *Greensboro Record,* two daily newspapers, published in Greensboro, with a large circulation there and elsewhere. The same defendant owns and operates Radio Station WFMY and Television Station WFMY-TV.

The day of the filing of this protest a reporter at the Greensboro News Company called plaintiff by telephone, and read to him the contents of the protest and challenge. Plaintiff replied: "There ain't a word true, except I did serve some time for being in that riot in Winston, and stayed in the hospital ten months and Governor Bickett pardoned me. . . . I have got papers here to show you that it is all wrong and don't you print that; if you do I am going to sue the paper." The evidence does not disclose how the reporter received notice of the filing of the protest.

The next day, 18 June 1952, the *Greensboro Daily News* on page one, section two, of its issue published an article entitled "Candidate's Right to Seek Office is Challenged" in which the protest of Russell was set forth verbatim, and plaintiff's denial. The plaintiff admitted on cross-exami-

nation that the article correctly stated that Russell made and filed the
protest before the County Board of Elections, correctly printed the con-
tents of the protest, and stated his denial of the truth of the matters and
things set forth in the protest. The Greensboro News Company carried
follow-up articles in its papers on 23 June 1952 (which stated among
other things "Manley says his Accuser is Perjurer"); on 27 June 1952;
on 28 June 1952; on 29 June 1952; and on 1 July 1952. On the day the
protest was filed, plaintiff was served with a paper to show cause before
the Guilford County Board of Elections why his name should not be
removed from the ticket as a candidate. A hearing before the County
Board of Elections was held on 23 June, and the final disposition of the
hearing was set for 30 June. The follow-up articles, while repeating the
ground of protest, dealt principally with the hearings. The statement
made by the reporter to plaintiff was put on the air by the Greensboro
News Company's radio and television station.

The second primary election was held with the plaintiff's name on the
ticket. Plaintiff was defeated.

The plaintiff in his statement of facts in his brief says: "This was a
civil action brought by plaintiff for damages on two causes of action for
libel published by defendants, the first cause of action being for actual
damages, and the second cause of action being for punitive damages.
Plaintiff . . . alleges that the defendants wilfully and unlawfully col-
laborated and conspired with each other in the publication in defendant
corporation's *Greensboro Daily News* and *Greensboro Record* of a news
article, etc." Plaintiff alleges in Paragraph 7 of what he calls his first
cause of action: "That defendant corporation, through its agents and
servants, in collaboration and conspiracy with the defendant Russell in
the production and publication of the newspaper article hereinbefore
quoted, etc." In Paragraph 8 of this alleged first cause of action plain-
tiff alleges: "That the acts and conduct, words and deeds of defendants
in mutual conspiracy and collaboration, in the publication of said news-
paper story as hereinbefore alleged, etc." And in Paragraph 4 of this
alleged cause of action he alleges: "That the sole intent and purpose of
defendant corporation in collaboration and conspiracy with the individual
defendant L. R. Russell was to cause and bring about the defeat of plain-
tiff in the said second primary, and that it did." The above quoted alle-
gations from plaintiff's alleged first cause of action were repeated practi-
cally verbatim in Paragraphs 4, 7 and 9 of his so-called second cause of
action, and in Paragraph 8 of the alleged second cause of action plaintiff
alleges: "That on the 6th day of June 1953 after plaintiff, for almost an
entire year, had endured and suffered the most damaging and destructive
effects resulting as a consequence of defendant corporation's publication

of the libelous newspaper story hereinbefore alleged, in conspiracy and collaboration with its individual co-defendant, etc."

Plaintiff in his alleged two causes of action sues for the recovery of actual and punitive damages for the publication in the *Greensboro Daily News* of the article on 18 June 1952.

At the close of plaintiff's evidence, each defendant moved for judgment of nonsuit, which the court allowed.

Judgment of involuntary nonsuit was entered, and plaintiff appeals.

*E. L. Alston, Jr., George A. Younce, and James Spence for Plaintiff, Appellant.*

*Brooks, McLendon, Brim & Holderness for Defendant, Greensboro News Company.*

*Hoyle & Hoyle for Defendant, Russell.*

PARKER, J.   Plaintiff contends that he has alleged two causes of action, one for the recovery of actual damages for the publication of an alleged libelous news story in the *Greensboro Daily News* of 18 June 1952 as the result of an alleged conspiracy between Greensboro News Company and L. R. Russell, and two for the recovery of punitive damages for the publication of the same news story as the result of the same alleged conspiracy. The allegations of the two alleged causes of action are substantially identical, except as to allegations of damages. In fact, plaintiff has alleged only one cause of action for the recovery of actual and punitive damages, because of the publication of an alleged libelous news story about him on 18 June 1952 by the defendants acting in pursuance of a conspiracy between them "to cause and bring about the defeat of plaintiff in the second primary, and that it did." Plaintiff alleges no cause of action against Russell for the charges made in the protest and challenge.

All the evidence as to what Russell did is as follows: He made and filed the protest and challenge, under oath, that plaintiff was not qualified to hold public office or to register and vote for the reasons he assigned, with the Guilford County Board of Elections. After the publication of the news story on 18 June 1952 plaintiff went to the office of the *Greensboro Daily News,* and talked to a Mr. Shepherd there, who was an employee of the Greensboro News Company. Plaintiff had the paper in his hand. This is the conversation between them: "I said, 'Mr. Shepherd, I thought I told you not to print this in the paper.' 'Well,' he said, 'Mr. Manley,' he says, 'The affidavit come in here' and he says—can I say who he said brought it in there? Q. Yes, go right ahead and tell what he said. A. He said, 'L. R. Russell'—I understood him to say, 'He brought it in here.'

(OBJECTION to the foregoing question and answer by the defendant Russell sustained as to him.)

And Shepherd said, 'I didn't pay too much attention to what he (Russell) said because the F B I just arrested him (Russell) a few days ago for signing a communist petition.' But he says, 'After I talked to him,' he said, 'I went ahead and took it up with our lawyer and the lawyer said go ahead and print it,' and he said, 'When the lawyer said go ahead and print it I went ahead and printed it.' "

When the reporter talked to plaintiff over the telephone about Russell's protest and challenge on 17 June 1952, he said he had talked to Russell, that he wanted to get plaintiff's side of it, he had already gotten Russell's.

The complaint contains no allegation of any relationship between the Greensboro News Company and Russell such as employer or employee, nor is there any evidence to that effect. Plaintiff's testimony that he understood Shepherd to say L. R. Russell brought the affidavit to the Greensboro News Company was not admitted in evidence against Russell, because it was clearly incompetent as to him. All that is left in evidence against Russell is that he executed under oath the protest and challenge, and filed it with the Guilford County Board of Elections, and a reporter of the Greensboro News Company and Shepherd talked to him about it. Surely that is no evidence at all that Russell had entered into a conspiracy with the Greensboro News Company, and in furtherance of said conspiracy the news story of 18 June 1952 was published in the *Greensboro Daily News.* As the evidence fails to show that Russell was a party to the alleged conspiracy, it follows that the Greensboro News Company was not a conspirator, because it could not conspire with itself. *Muse v. Morrison,* 234 N.C. 195, 66 S.E. 2d 783. In *Morrison v. California,* 291 U.S. 82, 78 L. Ed. 664, p. 671, *Mr. Justice Cardozo* speaking for the Court said : "It is impossible in the nature of things for a man to conspire with himself."

We are also of the opinion that there is no evidence that the Greensboro News Company entered into the alleged conspiracy.

This Court said in *Rice v. McAdams,* 149 N.C. 29, 62 S.E. 774: "We are not favored by plaintiff with any authority which, we think, sustains his contention that a joint action may be maintained against two or more persons for words spoken, unless the defendants are connected by allegation and proof of a common design and purpose. As a general rule, such an action cannot be maintained, for the words of one are not the words of the other. 25 Cyc. 434, and cases cited." See also Anno. 34 A.L.R. 345 ; 53 C.J.S., Libel and Slander, p. 243.

The general rule is "that slander, unlike other torts, is an individual tort, incapable of joint commission, and that therefore two or more individuals uttering slanders against the same person cannot be held jointly

liable, in the absence of a conspiracy between them, even though they utter the identical words simultaneously." 26 A.L.R. 2d Anno. 1032 *et seq.*, where among the many cases cited is *Rice v. McAdams, supra.*

It is said in 26 A.L.R. 2d Anno. p. 1035 *et seq.*: "The major exception to the general rule is found in the generally accepted doctrine that persons uttering slanders in pursuance of a conspiracy to slander, and all other members of the conspiracy as well, may be held jointly liable." Among the many cases cited in support is *Rice v. McAdams, supra.*

"Generally a joint action may not be maintained against two or more persons for slander except where a common agreement or conspiracy is charged; where a libel is the joint act of several persons, they may be sued jointly or separately at plaintiff's election." 53 C.J.S., p. 243.

The Supreme Court of Appeals of West Virginia said in *Barger v. Hood,* 87 W. Va. 78, 104 S.E. 280: "The defendants contend that their demurrer should have been sustained because there is a misjoinder of defendants in the declaration. They argue that two or more persons cannot be joined in a suit for libel unless it is shown that the publication of the libel was the common or joint action of all of them. The authorities are clear that this is the law. 17 R.C.L., Title, Libel and Slander, Sec. 130."

The plaintiff has alleged a conspiracy, but there is a total failure of proof to sustain such allegation. *Allegata* without *probata* is insufficient. Both must concur to establish a cause of action. *Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911.

"Plaintiff's recovery is to be had, if at all, on the theory of the complaint and not otherwise." *Suggs v. Braxton,* 227 N.C. 50, 40 S.E. 2d 470. "If the petitioners are to succeed at all, they must do so on the case set up in their complaint." *Sale v. Highway Commission,* 238 N.C. 599, 78 S.E. 2d 724. It is familiar learning that where there is a total failure of proof to support the allegations of a complaint, a motion for judgment of nonsuit should be granted. *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14.

The plaintiff contends that "if the plaintiff has not put on sufficient evidence of common design, the action could have been divided, but should not have been dismissed." The plaintiff cites in support of this contention what this Court said in *Lewis v. Carr,* 178 N.C. 578, 101 S.E. 97, about *Rice v. McAdams, supra:* "In that case there was no common purpose or design shown, and the Court said the action should have been divided, but that it would be error to dismiss it." In *Rice v. McAdams* the defendants were charged jointly with uttering *different slanderous words.* The contention is without merit, because as we have stated above plaintiff has stated *one cause of action for one publication* in pursuance of a conspiracy between the defendants to libel him. Russell's learned

counsel has concisely said in his brief in replying to this contention of plaintiff: "The plaintiff in the case at Bar, seeks to discuss as error, the failure of the Judge to do what he was not asked to do; and to assign as error, a matter not based upon an exception taken below. He will not be permitted to do so."

The plaintiff did not request the trial judge to permit him to dismiss his action against Russell and to proceed against the Greensboro News Company. We will not consider this matter, since it is not presented by exception, and assignment of error duly entered. *Rader v. Queen City Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609. The plaintiff decided to proceed to the end against both defendants. He is bound by his decision.

Plaintiff has offered no evidence that Russell took any part in the publication of the alleged libel, so *Taylor v. Press Co.,* 237 N.C. 551, 75 S.E. 2d 528, does not support plaintiff's contentions.

Plaintiff has based his action squarely upon the publication of an alleged libel in pursuance of an alleged conspiracy between the defendants to libel him. He has *allegata,* but not *probata.* That is fatal. The judgment of nonsuit was correctly entered. *Aiken v. Sanderford, supra.*

Affirmed.