W. HARRELSON YANCEY v. DAVID E. GILLESPIE AND SPINDALE CITY PUBLISHING COMPANY, INC.

(Filed 4 May, 1955.)

**1. Libel and Slander § 4—**

An article in a newspaper criticizing the amount paid by the city for a certain lot as "a wasteful and non-arbitrated use of public money," characterizing the lot as "shabby" and the deal as one that "smells," and, upon information, that a majority of the city council voted for the purchase with the verbal backing of the mayor, *is held* to charge bad judgment in a critical and sarcastic manner, but not to charge conversion, embezzlement or misconduct in office on the part of the council or the mayor.

**2. Libel and Slander § 7b—**

A newspaper enjoys a qualified privilege in commenting upon public affairs and the manner in which public officials carry on the public business, and such comments and criticisms are not libelous, however severe or sarcastic, unless they are written maliciously. Constitution of N. C. Article I, Sec. 20.

**3. Libel and Slander § 4—**

A published article must be read and considered in its setting in determining whether it is libelous.

**4. Libel and Slander § 7b—**

In cases of qualified privilege, the falsity of the charge is not sufficient to establish malice, for there is a presumption that the publication was made *bona fide*.

**5. Libel and Slander § 7a—**

Whether a publication is privileged is a question of law to be determined by the court.

**6. Libel and Slander § 7b—**

A complaint alleging in effect that a newspaper published an article criticizing the purchase of a lot by a municipality in a sarcastic vein not amounting to a charge of conversion, embezzlement, or misconduct in office on the part of the officials, fails to state a cause of action for libel, since such publication comes within the qualified privilege of the newspaper as a matter of law, and is not actionable in the absence of actual malice.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Armstrong, J.,* 16 December, 1954 Regular Term, GASTON.

Civil action for damages on account of an allegedly libelous article written by the defendant Gillespie and carried on the editorial page of the *Gaston Citizen,* a tri-weekly newspaper of wide circulation published in the City of Gastonia. The plaintiff at the time of publication was the mayor of the city. The defendant Gillespie was the editor of the newspaper, in the 8 January, 1954, issue of which appeared the following article:

### "HARDLY A BARGAIN AT $30 A FRONT FOOT.

"While the purchase of a shabby piece of property by the City of Gastonia for the sum of $3,000 may have been expedient on the part of the city council, there appears to be no evidence to show that it was a bargain at that price.

"We doubt that this particular lot, located on the northwest corner of Avon at Long, was worth $30 a front foot, regardless of whether the city had a sewage line beneath it and a 'pop-off' valve atop it.

"We are informed that four members of the council voted to pay this amount to the owner, with the verbal backing of the mayor. Two members of the Board, Ed Adams and R. A. Ferguson, indicated that they would not vote for the purchase at that price.

"The owner of the property had asked $6,000 damages because of the line crossing his lot. This was the asking price, probably in the knowledge that in asking this amount the final purchase would not look so bad.

"We may be a lone voice speaking out against such wasteful and non-arbitrated use of the taxpayers' money but we still believe—with or without the sewage line—that this deal smells."

The plaintiff, in substance, alleges that the editorial is malicious and false as it relates to the plaintiff; that the statements amount to a charge that the plaintiff conspired with the four other members of the governing body of the city, and was guilty of misconduct and malfeasance in office; that the publication was recklessly and carelessly published, and wantonly calculated to, and did, humiliate and disgrace the plaintiff; that the defendants were called on to publish a *retraxit,* correction, and apology. This they refused to do. The plaintiff was greatly damaged in the amount of $75,000 actual damages, and that punitive damages in a substantial amount should also be assessed.

The defendants filed a demurrer on the ground the complaint failed to state a cause of action. The court entered judgment sustaining the

demurrer, from which the plaintiff appealed. The only assignment of error is based on the exception to the judgment.

*G. T. Carswell and Robert G. Sanders, for plaintiff, appellant.*

*Mullen, Holland & Cooke, By: J. Mack Holland, Jr., for defendants, appellees.*

HIGGINS, J. Boiled down to its essence, the article complained of says the editor is informed the city council, by a vote of four to two, *with the verbal backing of the mayor,* has purchased a "shabby" lot in Gastonia for $3,000; "that the purchase is not a bargain," but is a "wasteful and non-arbitrated use of public money"; that the editor of the paper believes the deal smells. The clause underscored is the only reference to the plaintiff. The article charges that a majority of the council had the verbal backing of the mayor; that is, that he approved the action of the council in making the purchase. There is no allegation the article had any hidden or undisclosed meaning, or that the language used had any special or unusual significance. The article does not charge, and the complaint does not allege, that the mayor exerted, or attempted to exert, any influence, improper or otherwise, upon the council, or that he did, or intended to do anything more than to give his verbal support to their decision. The article, when fairly and impartially construed, does not have the meaning the plaintiff seeks to give it. The editor of the paper charges the wasteful, not corrupt, use of public money. The expenditure of public money is a matter of judgment, and to charge the council with bad judgment is not libelous. One of the functions of a newspaper is to give information about public affairs and how public officials are carrying on the public business. So long as that qualified privilege is not abused, an action for libel cannot be maintained.

Article I, Sec. 20, of the Constitution of North Carolina provides: "FREEDOM OF THE PRESS. The Freedom of the press is one of the great bulwarks of liberty, and therefore ought never to be restrained, but every individual shall be held responsible for the abuse of the same."

The question then is: Does it appear from the article and the complaint that the editor of the paper abused the privilege granted by the Constitution?

"Everyone has a right to comment on matters of public interest and concern, provided he does so fairly and with an honest purpose. Such comments or criticisms are not libelous, however severe in their terms, unless they are written maliciously." *Hoeffner v. Dunkirk Printing Co.,* 294 N.Y. 95, 172 N.E. 139. "Anything connected with the plaintiff's official duties was a proper subject of discussion which, if made

without malice, was not libelous." *Swearingen v. Parkersburg Tribunal Co.,* 226 S.E. 2d 209 (W. Va.).

In determining whether a published article is libelous it must be read and considered in its setting. Here, the city paper, by the article complained of, called attention in a critical and sarcastic vein to the manner in which the council had expended the city's money. Conversion, embezzlement, misconduct in office are not charged against the council and *a fortiori* not against the mayor. Publication of the official acts of public men and bodies is in the public interest. On a similar question, *Chief Justice Clark,* in the case of *Lewis v. Carr,* 178 N.C. 578, 101 S.E. 97, said: "It was qualifiedly privileged, because, though the defendant was under no legal obligation to act, it was a publication required by the public good if the charge were true. In cases of qualified privilege the falsehood of the charge will not of itself be sufficient to establish malice, for there is a presumption that the publication was made *bona fide.*" *Fields v. Bynum,* 156 N.C. 416, 72 S.E. 449; *Ramsey v. Cheek,* 109 N.C. 270, 13 S.E. 775. Whether a publication is privileged is a question of law to be determined by the court. *Hartsfield v. Hines,* 200 N.C. 356, 157 S.E. 16. When the correct tests are applied, it becomes manifest the article is not libelous. *Gattis v. Kilgo,* 128 N.C. 402, 38 S.E. 931; *Newberry v. Willis,* 195 N.C. 302, 142 S.E. 10; *Fields v. Page Trust Co.,* 195 N.C. 304, 142 S.E. 7; *Stevenson v. Northington,* 204 N.C. 690, 169 S.E. 622; *Pentuff v. Park,* 194 N.C. 146, 138 S.E. 616.

The complaint alleges a defective cause of action. The judgment sustaining the demurrer is

Affirmed.

Barnhill, C. J., took no part in the consideration or decision of this case.