CLYDE HENRY HERNDON v. T. A. MELTON.

(Filed 19 November, 1958.)

**Libel and Slander § 7b—**

> An official report by an investigator of a church, published in the official organ of the church, is qualifiedly privileged, and in the absence of evidence of express or actual malice, nonsuit is proper.

PARKER, J., not sitting.

APPEAL by plaintiff from *Olive, J.,* at April 8, 1958, Civil Term of RANDOLPH.

Civil action to recover for alleged libelous article written by defendant, who was chairman of the Board of Foreign Missions of the Pentecostal Holiness Church, to be published in the "Pentecostal Holiness Advocate", the official organ of the Pentecostal Holiness Church, published and circulated to the entire church both clergy and laity, with circulation of several thousand copies.

The article, of which complaint is made, is set forth in the complaint and purports to be a report by defendant of conditions in Hong Kong in the missionary work of the Pentecostal Holiness Church, under plaintiff. While no names are called, plaintiff alleges that by *innuendo* he is named, it being specifically stated that there has been a rift in the church's work there, etc., to his great damage.

Defendant, answering, admits the publication, but avers that the report of his investigation in the church's work of Hong Kong was official, and that the publication is privileged.

Upon trial in Superior Court motion of defendant entered at close of plaintiff's evidence for judgment as of nonsuit was allowed, and to judgment in accordance therewith plaintiff excepts and appeals to the Supreme Court, and assigns error.

*Ottway Burton, Don Davis for plaintiff, appellant.*

*L. P. McLendon, C. T. Leonard, Jr., Richard S. Clark for defendant, appellee.*

PER CURIAM. Upon consideration of the evidence offered by plaintiff in the light of his pleading it is clear that the alleged libelous article was written by defendant as a report of his investigation on visit to the Hong Kong Mission of the Pentecostal Holiness Church pursuant to directive of the church. Thus the rule of qualified privilege is applicable. And there being no evidence of express or actual malice, the judgment as of nonsuit is deemed proper. See *Gattis v. Kilgo,* 128 N.C. 402, 38 S.E. 931; s. c. 140 N.C. 106, 52 S.E. 249.

Affirmed.

PARKER, J., not sitting.