DONALD M. TOWNE, a/k/a D. JONATHAN BALFOUR v. KENNETH COPE

No. 7630SC776

(Filed 6 April 1977)

1. Libel and Slander § 9— defamatory statements — qualified privilege

Allegedly defamatory statements made by defendant, an SBI agent, to the sheriff charged with safekeeping plaintiff in the county jail pending extradition were made on a qualifiedly privileged occasion, since both defendant who had arrested plaintiff and the sheriff had an interest in and duty with reference to the safekeeping of plaintiff, and the statements made by defendant might be useful to the sheriff in carrying out his responsibilities.

2. **Libel and Slander §§ 9, 14— qualified privilege pleaded — summary judgment motion — requirement of showing malice — reliance on complaint insufficient**

In an action for defamation where defendant supported his motion for summary judgment by establishing the affirmative defense of qualified privilege, summary judgment was properly entered against plaintiff since he had the burden of setting forth specific facts by affidavits or otherwise showing a genuine issue existed as to whether defendant made the alleged statements with actual malice, but instead plaintiff relied simply on the allegations of his complaint to show malice.

3. **Rules of Civil Procedure § 56— summary judgment motion — failure to file with clerk — hearing properly conducted**

Even if defendant failed to file properly his summary judgment motion with the clerk of superior court, there was no prejudicial error in the court's hearing and ruling on the motion, since defendant filed copies of the motion with the superior court judge and plaintiff's attorney, at the hearing on the motion all parties were represented by counsel, and no one objected to the hearing of the motion or to its not being properly filed with the clerk.

4. **Rules of Civil Procedure § 56; Trial § 58— trial without jury — summary judgment — entry out of session proper**

The trial judge had authority to enter summary judgment for defendant out of session and absent an agreement by the parties, since the trial judge was the resident judge of the district which included the county in which the action was brought, and the hearing was on a matter not requiring a jury. G.S. 7A-47.1.

APPEAL by plaintiff from *Thornburg, Judge.* Judgment entered 23 April 1976 in Superior Court, CHEROKEE County. Heard in the Court of Appeals 8 March 1977.

This is a civil action wherein the plaintiff, Donald M. Towne, seeks to recover from the defendant, Kenneth Cope, $75,000 compensatory and $150,000 punitive damages for defamation. In his complaint plaintiff alleged that on 20 August 1974 defendant, an agent of the State Bureau of Investigation, with malice made the following defamatory statements of and concerning plaintiff to Blain Stalcup, Sheriff of Cherokee County:

"That guy is nutty as a fruitcake, he is a right wing radical, an extremist, and he has tried to bribe a witness in New Hampshire; that when the children were taken from the plaintiff they had welts and bruises on their bodies where they had been beaten, and that they were dirty and half-starved, and had lice in their hair and insect bites all over

them; that plaintiff had run out on $27,000.00 in debts in New Hampshire; that plaintiff was apt to be violent, to use a gun and that a letter existed saying that plaintiff would kill the said minor children and himself if plaintiff's former wife ever attempted to locate the plaintiff."

Defendant filed a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. In his motion defendant set up the affirmative defense of qualified privilege. The court considered matters outside the pleadings and treated the motion as one for summary judgment. The uncontroverted evidence offered in support of and in opposition to the motion establishes the following facts:

On 18 August 1974 Bruce Cheney, Chief of Police in Gilford, New Hampshire, contacted the North Carolina State Bureau of Investigation concerning the possibility that the plaintiff, who was under indictment in New Hampshire for the abduction of his three children, was residing in western North Carolina. Defendant located plaintiff in Murphy, North Carolina, where he was teaching pre-school children at "Free Methodist Church." On 20 August 1974 defendant, accompanied by Chief Cheney and Sergeant Gene Rogers of the Belknap County, New Hampshire, Sheriff's Department, served a fugitive arrest warrant on plaintiff at the church. Plaintiff would not waive extradition to New Hampshire, and defendant took him to the Cherokee County jail. Defendant turned plaintiff over to Sheriff Blain Stalcup and left, but returned later and made the alleged defamatory statements to Sheriff Stalcup. Defendant then fingerprinted and photographed the plaintiff and departed.

After a hearing on the motion in Jackson County on 22 March 1976, the court on 23 April 1976 made specific and detailed "findings of fact," stated separately its conclusions of law based thereon, and entered summary judgment for defendant.

Plaintiff appealed.

*Wesley F. Talman, Jr., and Joel B. Stephenson for plaintiff appellant.*

*Attorney General Edmisten by Associate Attorney T. Lawrence Pollard and Associate Attorney Joan Byers for defendant appellee.*

HEDRICK, Judge.

Since it is not necessary, even inadvisable in most cases, for the trial court in ruling on a motion for summary judgment to find the facts specially and state separately its conclusions of law as in a trial before the judge without a jury, *Wall v. Wall,* 24 N.C. App. 725, 212 S.E. 2d 238 (1975), we do not rule specifically on plaintiff's numerous assignments of error based on exceptions to the findings and conclusions made in this case. Rather, we go directly to the question of whether the alleged slanderous statements made by the defendant to the Sheriff were qualifiedly privileged, and whether the record discloses that there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law.

It is the occasion of the publication of the alleged defamation that is privileged, *Ponder v. Cobb,* 257 N.C. 281, 126 S.E. 2d 67 (1962), and the burden is on the defendant to prove the affirmative defense of qualified privilege by establishing facts sufficient to show that the publication was made on a privileged occasion. *Stewart v. Check Corp.,* 279 N.C. 278, 182 S.E. 2d 410 (1971).

"Conditional or qualified privilege is based on public policy. It does not change the actionable quality of the words published, but merely rebuts the inference of malice that is imputed in the absence of privilege, and makes a showing of falsity and actual malice essential to the right of recovery.

"A qualified or conditionally privileged communication is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right, or interest. The essential elements thereof are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only. The privilege arises from the necessity of full and unrestricted communication concerning a manner in which the parties have an interest or duty." 50 Am. Jur. 2d Libel & Slander § 195, pp. 698-699 (1970).

Where the occasion is privileged, the presumption of law is that the defendant acted in good faith, and the burden is on the plaintiff to prove that the publication was made with actual malice in order to destroy the qualified privilege. *Stewart v. Check Corp., supra; Ponder v. Cobb, supra; Ramsey v. Cheek,* 109 N.C. 270, 13 S.E. 775 (1891).

"Whether the occasion is privileged is a question of law for the court, subject to review, and not for the jury, unless the circumstances of the publication are in dispute, when it is a mixed question of law and fact." *Ramsey v. Cheek, supra,* at 274, 13 S.E. at 775.

[1]  There is no dispute as to the circumstances of the publication in this case. It was made by one law enforcement officer who had just arrested the plaintiff to another law enforcement officer who was charged with the safekeeping of plaintiff in the Cherokee County jail. Both the defendant and the Sheriff had an interest in and duty with reference to the safekeeping of plaintiff while he awaited extradition to New Hampshire. The statements made by the defendant to the Sheriff concerning plaintiff's alleged mental state and political persuasion, and concerning the facts surrounding plaintiff's alleged abduction of his three children and subsequent arrest in North Carolina might be useful to Sheriff Stalcup in carrying out his responsibilities as Sheriff of Cherokee County. Therefore, the record establishes that the alleged statements were made on a qualifiedly privileged occasion, and summary judgment for defendant was appropriate unless the record discloses, as plaintiff contends, a genuine issue exists as to whether the statements were made with actual malice on the part of defendant in which case plaintiff could recover even if the occasion were privileged.

"  . . . When a motion for summary judgment is made and supported as provided in this rule [Rule 56], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." G.S. 1A-1, Rule 56(e).

[2]  In the present case defendant supported his motion for summary judgment by establishing the affirmative defense of

qualified privilege. Even though plaintiff, thereafter, had the burden of setting forth specific facts "by affidavits or otherwise" showing a genuine issue exists as to whether defendant made the alleged statements with actual malice, he relied simply on the allegations in his complaint to show malice. Therefore summary judgment was appropriately entered against him.

[3]  Plaintiff contends the court erred in "entertaining" the motion for summary judgment and entering an order thereon when the motion had not been "docketed" with the Clerk of Superior Court of Cherokee County, the county in which the action had been commenced. While G.S. 1A-1, Rule 5(d) requires that a motion for summary judgment "shall be filed with the court," we find no prejudicial error in the court's hearing and ruling on defendant's motion for summary judgment since the record discloses the following statement of the court:

> "Inasmuch as copies of the defendant's Motion for Summary Judgment, Memorandum in support of Motion for Summary Judgment and Addendum to the Memorandum in support of the Motion for Summary Judgment were filed with Judge Lacy Thornburg, Resident Judge for Cherokee County, and Wesley F. Talman, Jr., Attorney for the Plaintiff, and that all parties were put on notice, or had reason to know, of the fact that the defendant had made a Motion for Summary Judgment, the Court therefore considered that the Motion for Summary Judgment and supporting affidavits and documents were sufficiently filed with the Court in this case.

> "At the time this motion came on for hearing all parties were represented through counsel, and made no objections to the hearing of this Motion, or to its not being properly filed with the Clerk's Office of Cherokee County. The Court therefore concludes that if the filing was in any way insufficient under the rules, the objection to it being heard was waived by the presence of all parties and failure to object.

> s/LACY H. THORNBURG
> Judge Presiding"

[4]  Finally plaintiff contends Judge Thornburg, Resident Superior Court Judge for the Thirtieth Judicial District had no

authority to enter summary judgment for defendant out of session absent an agreement by parties thereto. G.S. 7A-47.1 in pertinent part provides:

> "[I]n all matters and proceedings not requiring a jury or in which a jury is waived, the resident judge of the district and any special superior court judge residing in the district shall have concurrent jurisdiction with the judge holding the courts of the district and the resident judge and any special superior court judge residing in the district in the exercise of such concurrent jurisdiction may hear and pass upon such matters and proceedings in vacation, out of session or during a session of court."

Since Judge Thornburg is the Resident Judge of the Thirtieth Judicial District of which Cherokee County is a part, and since the hearing was on a matter not requiring a jury, we hold he had the authority to enter the judgment out of session.

Summary judgment for defendant is

Affirmed.

Judges BRITT and CLARK concur.