was irrelevant to any issue in the case. The scope of cross-examination lies largely within the discretion of the trial court, and its rulings should not be disturbed except when prejudicial error is disclosed. *State v. McPherson,* 276 N.C. 482, 172 S.E. 2d 50 (1970); *State v. Ross,* 275 N.C. 550, 169 S.E. 2d 875 (1969), *cert. denied* 397 U.S. 1050 (1970); 4 N.C. Index 3d, Criminal Law § 88.1 (1976). Here, there is no error.

The defendant's only other assignment of error is the trial court's refusal to grant his motion to dismiss made at the close of the State's evidence and renewed at the close of all the evidence. He states that his review of the entire record fails to reveal any prejudicial error. Nevertheless, he requests that this Court review the evidence for any prejudicial errors which may exist. We have carefully reviewed the entire record in this case and find that there was abundant evidence of each of the elements of the two offenses with which the defendant was charged. The trial court correctly allowed both charges to go to the jury with proper instructions. We find that the defendant received a fair trial, free of prejudicial error.

No error.

---

PATRICIA L. EDWARDS v. TYRONE AKION AND THE CITY OF RALEIGH, NORTH CAROLINA

No. 94

(Filed 1 December 1981)

APPEAL pursuant to G.S. 7A-30(2) of the decision of the Court of Appeals (*Judge Harry C. Martin,* with *Chief Judge Morris* concurring, and *Judge Hill* dissenting) reported at 52 N.C. App. 688, 279 S.E. 2d 894 (1981), reversing the order of summary judgment entered for the City of Raleigh by *Farmer, Judge,* at the 11 August 1980 Civil Session of Superior Court, WAKE County.

Plaintiff filed this action for compensatory and punitive damages as a result of personal injuries[1] she suffered during an

---

1. The deposition of Dr. Carroll Mann, a neurological surgeon, disclosed that these injuries were quite severe and extensive and included some permanent brain damage.

affray with defendant City's employee Tyrone Akion, a refuse collector in the Sanitation Department. Plaintiff sought recovery from the City upon two theories: (1) its secondary or vicarious liability for an employee's commission of an intentional tort and (2) its primary liability for negligent supervision of an employee. Upon a hearing of the matter, the trial court granted the City's motion for summary judgment in the cause.

The Court of Appeals, in a 2-1 decision, reversed the entry of summary judgment. In so doing, the Court held that: (1) the City's insurance policy provided coverage for the commission of intentional torts by its employees, if such actions were committed within the scope of employment and (2) upon this record, there were material issues of fact as to whether defendant Akion committed the assault and battery upon plaintiff within the scope of his employment and whether the City had failed to supervise Akion properly on the occasion of this incident. Judge Hill dissented upon the ground that the commission of the assault was not within the scope of employment as a matter of law.

*DeMent, Askew & Gaskins, by Johnny S. Gaskins, for plaintiff-appellee.*

*Teague, Campbell, Conely & Dennis, by R. B. Conely, for defendant-appellant.*

PER CURIAM.

We hereby adopt the reasoning of the Court of Appeal's opinion and affirm its decision in all respects.

Affirmed.