RICHARD C. TALBERT, JR., AND TALBERT MOTORS, INC. v. ROBERT MAUNEY AND FIRST UNION NATIONAL BANK

No. 8526SC1054

(Filed 6 May 1986)

1. **Appeal and Error § 16; Rules of Civil Procedure § 60— Rule 60(b) motion—jurisdiction of trial court pending appeal**

   The trial court retains limited jurisdiction pending an appeal to hear and consider a Rule 60(b) motion to indicate what action it would be inclined to take were an appeal not pending.

2. **Unfair Competition § 1— debt collector—unfair trade practice—intentional harm to credit rating**

   Plaintiffs' allegations of wrongful and intentional harm to their credit rating and business prospects occurring less than four years before the filing date of their complaint were sufficient to state a claim for relief for unfair and deceptive acts in commerce by a debt collector under N.C.G.S. §§ 75-51 and 75-1.1.

3. **Libel and Slander § 5.4— statements imputing crime—slander per se**

   Plaintiffs' allegations that the individual defendant published statements that the individual plaintiff forged his letters of credit and that he is a drug dealer constitute allegations of slander *per se*.

APPEAL by plaintiffs from *Burroughs, Judge,* and *Grist, Judge.* Judgments entered 8 May 1985 and 2 July 1985. Heard in the Court of Appeals 6 March 1986.

Plaintiffs filed this action on 30 November 1984, alleging unfair and deceptive acts in commerce and slander. Defendants answered and moved for dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure. Defendants then served on plaintiffs a set of interrogatories and a Request for the Production of Documents. When no answer was forthcoming, defendants served on 1 May 1985 a Motion to Dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 37(d) of the Rules of Civil Procedure, or alternatively to compel discovery. This service also included a Motion for Hearing scheduled for 7 May 1985. Plaintiffs delivered a Response to Request for Production and Answers to Interrogatories before the hearing date. The Answers to Interrogatories were unverified.

On 7 May 1985 Judge Burroughs heard defendants' Rule 12(b)(6) and Rule 37(d) motions. He found that, though plaintiffs'

counsel was on notice of the time and place for the hearing, counsel had failed to appear or to communicate with the court or with counsel for the defendants about the hearing; that the interrogatories were properly served on plaintiffs; that plaintiffs had failed to serve answers or objections to the interrogatories within the time limit; that plaintiffs' answers, when served, were not signed by either plaintiff under oath as required and such answers were in many respects evasive, unresponsive and inadequate and did not comply with the requirements of N.C. Gen. Stat. § 1A-1, Rule 34 of the Rules of Civil Procedure. Judge Burroughs found that this failure to comply with Rule 34 and other "requirements of said Rules" constituted sufficient grounds for dismissal with prejudice of plaintiffs' claims under Rule 37(d). He also found that plaintiffs had failed to state a claim upon which relief could be granted, Rule 12(b)(6), and based the judgment upon both rules.

Plaintiffs noticed an appeal to this Court on 15 May 1985. On 12 June 1985 plaintiffs moved the superior court for relief from the judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) of the Rules of Civil Procedure. Judge Grist heard this motion on 2 July 1985 and ruled that he was without jurisdiction to hear the Rule 60(b) motion by reason of the pendency of plaintiffs' appeal to this Court and declined to indicate in the record how he would rule had plaintiffs not appealed from the 8 May 1985 judgment. Plaintiffs appealed this ruling, which appeal has been consolidated with the appeal from the previous judgment.

*Barringer, Allen & Pinnix, by Noel L. Allen, William D. Harazin and C. Lynn Calder, for plaintiffs-appellants.*

*Underwood, Kinsey & Warren, P.A., by C. Ralph Kinsey, Jr. and Kenneth S. Cannaday; Jones, Hewson & Woolard, by Harry C. Hewson, for defendants-appellees.*

WELLS, Judge.

[1] As a general rule, an appeal divests the trial court of jurisdiction of a case and, pending appeal, the trial court is *functus officio. Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). However, for the purposes of a Rule 60(b) motion, the trial court retains limited jurisdiction to hear and consider a Rule 60(b) motion to indicate what action it would be inclined to take were an

appeal not pending. *See id.; Bell v. Martin*, 43 N.C. App. 134, 258 S.E. 2d 403 (1979), *rev'd on other grounds*, 299 N.C. 715, 264 S.E. 2d 101 (1980). The legislative intent that there be this limited trial court jurisdiction is evidenced by the fact that the one-year period for filing a Rule 60(b) motion is not tolled by the taking of an appeal from the original judgment. *Bell v. Martin, supra, citing* 11 Wright & Miller, Federal Practice and Procedure: Civil § 2866, p. 233 (1973). A further reason for this practice is that when determination of a Rule 60(b) motion requires the resolution of controverted questions of fact, the trial court is in a far better position to pass upon it than is this Court. *Swygert v. Swygert*, 46 N.C. App. 173, 264 S.E. 2d 902 (1980).

Plaintiffs' Rule 60(b) motion contends that various delays of the parties, misunderstandings and inadequate notice explain plaintiffs' failure to attend the hearing on the Rules 12(b)(6) and 37(d) hearings, depriving them of an opportunity to be heard on these matters. Plaintiffs also contend that the sanction of dismissal was unduly harsh, given the facts of the case. Presentation of the facts surrounding plaintiffs' procedural deficiencies and argument on those facts clearly mandate a resolution of controverted questions of fact and, as such, are appropriate for the trial court to consider on a Rule 60(b) motion. However, the dismissal by Judge Burroughs was jointly based on Rule 37(d) sanctions and a Rule 12(b)(6) failure to state a claim upon which relief can be granted. The only purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleading against which it is directed. *White v. White*, 296 N.C. 661, 252 S.E. 2d 698 (1979). The function of a motion to dismiss is to test the law of a claim, not the facts which support it. *Id.* The facts surrounding plaintiffs' absence from the Rule 12(b)(6) hearing are thus irrelevant to the Rule 12(b)(6) determination. We therefore examine the sufficiency of the pleadings to determine the propriety of the Rule 12(b)(6) dismissal.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. The rule generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery.

*Property Owners Assoc. v. Curran,* 55 N.C. App. 199, 284 S.E. 2d 752 (1981), *disc. rev. denied,* 305 N.C. 302, 291 S.E. 2d 151 (1982). For the purposes of ruling on a motion to dismiss, the well-pleaded material allegations of the complaint are taken as admitted. *Id.*

**[2]**  Plaintiffs' first claim is for unfair and deceptive acts in commerce. Among other things, plaintiffs allege that defendant Mauney, as president of defendant First Union National Bank, unjustifiably demanded that all of plaintiffs' loans be paid in full immediately. When plaintiffs instead paid off the loans pursuant to their bank loan agreement, plaintiffs' credit reputation was significantly impaired. In addition, plaintiffs allege that defendant Mauney related to a potential investor of plaintiffs that certain of plaintiffs' credit documents were "probably forged."

The pertinent sections of the statute are as follows:

(a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

(b) For purposes of this section, "commerce" includes all business activities, however denominated . . . .

N.C. Gen. Stat. § 75-1.1 (1985). This statute was amended in 1977. It had previously contained the phrase "trade or commerce," which was interpreted to restrict the coverage of the Act to commerce that entailed an exchange of some type. *Johnson v. Insurance Co.,* 300 N.C. 247, 266 S.E. 2d 610 (1980). The amendment deleted the term "trade" and rewrote section (b) as set out above. 1977 N.C. Sess. Laws, ch. 747. The amendment clearly "constituted a substantive revision intended to expand the potential liability for certain proscribed acts." *United Roasters, Inc. v. Colgate-Palmolive Co.,* 485 F. Supp. 1049 (E.D.N.C. 1980), *aff'd,* 649 F. 2d 985 (4th Cir.), *cert. denied,* 454 U.S. 1054, 102 S.Ct. 599, 70 L.Ed. 2d 590 (1981). A new Article 2 was also added to apply specifically to debt collectors, forbidding coercion to collect payments by "unfair acts" that include:

(2) Falsely accusing or threatening to accuse any person of fraud or any crime, or of any conduct that would tend to cause disgrace, contempt or ridicule.

(3) Making or threatening to make false accusations to another person, including any credit reporting agency, that a consumer had not paid, or has willfully refused to pay a just debt.

1977 N.C. Sess. Laws, ch. 747; N.C. Gen. Stat. § 75-51 (1985). N.C. Gen. Stat. § 75-56 (1985) provides that "[t]he specific and general provisions of this Article shall exclusively constitute the unfair or deceptive acts or practices proscribed by G.S. 75-1.1 in the area of commerce regulated by this Article." We interpret this provision to mean that, though in the area of debt collection, unfair or deceptive acts in commerce are limited to those acts set out in Article 2, those specific practices delineated as prohibited are examples of unfair practices within the broader scope of G.S. 75-1.1.

In the case *sub judice*, we hold that plaintiffs' allegations of wrongful and intentional harm to their credit rating and business prospects occurring less than four years before the filing date of their complaint, N.C. Gen. Stat. § 75-16.2 (1985), are of a character clearly meant to be proscribed by the Act and are therefore sufficient to state a claim for which relief can be granted under G.S. 75-1.1.

[3] Plaintiffs' second claim is for slander. Slander is commonly defined as "the speaking of base or defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood." *Beane v. Weiman Co., Inc.*, 5 N.C. App. 276, 168 S.E. 2d 236 (1969). Accusations of crime or offenses involving moral turpitude or defamatory statements about a person with respect to his trade, occupation or business are slander *per se*; the injurious character of the words and special damage they have caused need not be proved. *Id.* Plaintiffs' allegations that defendant Mauney published the statements that plaintiff Talbert forged his letters of credit and that he is a drug dealer constitute allegations of slander *per se*.

The statute of limitations, N.C. Gen. Stat. § 1-54(3) (1983) bars any slander claim arising from acts committed more than one year prior to the filing of the claim. Plaintiffs have alleged some such acts to have occurred approximately eight months before the claim was filed. Slander has been pleaded sufficiently to survive the Rule 12(b)(6) motion.

In summary, the Rule 12(b)(6) dismissal of plaintiffs' claims is reversed. This cause is remanded to superior court for a determination of whether, considering the circumstances surrounding the Rule 37(d) dismissal of this case, plaintiffs are entitled to relief from the judgment pursuant to Rule 60(b).

Reversed in part; remanded in part.

Judges WHICHARD and JOHNSON concur.