JIMMY L. SHUPING v. JAMES D. BARBER, MICHAEL COATES, AND CITY OF
SALISBURY, NORTH CAROLINA

No. 8719SC611

(Filed 15 March 1988)

1. **Libel and Slander § 9— slanderous statements made to plaintiff's fiancee—
statements made for protection of interest of recipient—summary judgment
improper**

The trial court in an action for slander erred in entering summary judg-
ment for defendant policemen based on conditional or qualified privilege where
defendants allegedly made statements that plaintiff had his own car stolen for
purposes of defrauding his insurance company and that plaintiff was a drug
dealer; the statements were made to plaintiff's fiancee and the fiancee's
mother after she and plaintiff had begun dating but before they had married;
and there were questions of fact as to whether the publication of the
statements was for the protection of the interest of the recipient or a third
party.

2. **Municipal Corporations § 12.1— slander by police officers—malice presumed or
shown—claim against city barred by governmental immunity**

The trial court properly entered summary judgment for defendant city in
an action for slander where defendant police officers allegedly made
statements to third parties concerning plaintiff's involvement in defrauding his
insurance company and in various drug related transactions; plaintiff
presented a sufficient forecast of evidence showing slander per se thereby giv-
ing rise to a presumption of malice on the part of defendants; if defendants
could successfully establish facts sufficient to show a qualified privilege, plain-
tiff would be required to show that the publication was made with actual
malice in order to recover; any claim by plaintiff against defendant city was
therefore barred by governmental immunity because defendant city's liability
insurance did not cover claims based on the malicious conduct of its law en-
forcement employees. However, the individual defendants did not have the
benefit of governmental immunity since they were not shielded if their alleged
actions were corrupt or malicious, and malice was either presumed or required
to be shown for plaintiff to recover.

3. **Libel and Slander § 13; Rules of Civil Procedure § 21— allegation that defend-
ants jointly liable for slander—impropriety—propriety of joinder—summary
judgment not required**

There was no merit to defendants' assertion that summary judgment was
properly granted in their favor because plaintiff's complaint improperly al-

leged that defendants were jointly liable for slander without any allegation of conspiracy, since defendants could not be held jointly liable, but plaintiff was not precluded from pursuing his claims against both defendants in the same civil action; and even if defendants were improperly joined, summary judgment was inappropriate.

APPEAL by plaintiff from *Helms (William H.), Judge.* Order entered 6 May 1987 in Superior Court, ROWAN County. Heard in the Court of Appeals 3 December 1987.

Plaintiff instituted this action against defendants James D. Barber, Michael Coates, and City of Salisbury, North Carolina, alleging that defendants Barber and Coates made various defamatory statements about plaintiff and that at least some of the statements were made when defendants Barber and Coates were acting under the color of their office as police officers of defendant City of Salisbury. Specifically, the complaint alleged that defendants Barber and Coates stated that plaintiff arranged to have his own car stolen; that plaintiff is a cocaine dealer; that plaintiff would be arrested in the course of an ongoing undercover drug operation; that plaintiff was being watched by police agents; that plaintiff had his phone tapped; that plaintiff had been seen using cocaine; that plaintiff had been set up to make a cocaine sale; and that plaintiff had his residence "staked out" by police. Plaintiff also alleged in his complaint that the foregoing statements were false and were made "maliciously and out of spite and ill will, and for the purpose of injuring plaintiff." Plaintiff sought to recover of defendants "jointly and severally" actual damages in excess of $10,000.00 as well as punitive damages.

Defendants filed a timely answer denying that defendants Barber and Coates made the allegedly defamatory statements and raising as additional defenses that any statements made by defendants about plaintiff were true, that the complaint fails to state a claim for which relief may be granted, that the one-year statute of limitations had run, and that any statements made by defendants about plaintiff were privileged. Defendants moved for summary judgment. When the cause came on for hearing, the court permitted defendants to amend their answer by adding the additional defense of governmental immunity. The trial court thereafter entered an order granting summary judgment in favor of defendants. Plaintiff appeals.

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Norman B. Smith, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge and Rice, by Charles F. Vance, Jr., and Gusti W. Frankel, for defendant-appellees.*

PARKER, Judge.

On the sole issue raised in this appeal, plaintiff contends that the trial court erred in entering summary judgment for defendants for the reason that the statements allegedly made by the individual defendants were actionable *per se* and defendants' affirmative defenses of privileged communication and governmental immunity are not a bar to plaintiff's claim.

Summary judgment is appropriate when there is no genuine issue as to any material fact and any party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). The evidence must be viewed in the light most favorable to the non-moving party, and questions of credibility are to be resolved by the jury. *Ragland v. Moore*, 299 N.C. 360, 363, 261 S.E. 2d 666, 668 (1980); *Wiggins v. City of Monroe*, 73 N.C. App. 44, 47, 326 S.E. 2d 39, 42 (1985). As movants, defendants have the burden of showing that an essential element of plaintiff's claim is nonexistent, of showing that plaintiff cannot produce evidence to support an essential element of his claim, or of showing that plaintiff cannot surmount an affirmative defense which would bar the claim. *Bernick v. Jurden*, 306 N.C. 435, 440-441, 293 S.E. 2d 405, 409 (1982); *Dickens v. Puryear*, 302 N.C. 437, 453, 276 S.E. 2d 325, 335 (1981).

Slander is the speaking of base or defamatory words that tend to prejudice another in his reputation, office, trade, business, or means of livelihood. *Talbert v. Mauney*, 80 N.C. App. 477, 481, 343 S.E. 2d 5, 8 (1986); *Beane v. Weiman Co., Inc.*, 5 N.C. App. 276, 277, 168 S.E. 2d 236, 237 (1969). Slander may be actionable *per se* or *per quod*; where words are actionable *per se*, the law *prima facie* presumes malice and presumes at least nominal damages without specific proof of injury. *Badame v. Lampke*, 242 N.C. 755, 756, 89 S.E. 2d 466, 467 (1955); *Johnson v. Bollinger*, 86 N.C. App. 1, 9, 356 S.E. 2d 378, 383-384 (1987). Accusations of crime or offenses involving moral turpitude are slander *per se*. *Talbert v. Mauney*, 80 N.C. App. at 481, 343 S.E. 2d at 8. Consequently, statements that plaintiff had his own car stolen for purposes of

defrauding his insurance company and that plaintiff is a drug dealer are actionable *per se. See Talbert v. Mauney*, 80 N.C. App. 477, 343 S.E. 2d 5 (statements that plaintiff forged letters of credit and that plaintiff is a drug dealer held slander *per se*). Malice is therefore presumed.

[1] Plaintiff argues that since the allegation that these slander-ous *per se* statements were made must be accepted as true for purposes of summary judgment, summary judgment for defend-ants was improper. The fact, however, that the statements, if made, were slanderous *per se* is not in and of itself sufficient to defeat summary judgment if, as in this case, defendant has as-serted privilege. Where the affirmative defense of privilege is alleged, the burden is on the defendant to establish facts suffi-cient to show that the publication of the alleged defamation was made on a privileged occasion. *Stewart v. Check Corp.*, 279 N.C. 278, 283, 182 S.E. 2d 410, 414 (1971); *Towne v. Cope*, 32 N.C. App. 660, 663, 233 S.E. 2d 624, 626 (1977). Our Supreme Court has stated:

> The defense of qualified or conditional privilege arises in circumstances where (1) a communication is made in good faith, (2) the subject and scope of the communication is one in which the party uttering it has a valid interest to uphold, or in reference to which he has a legal right or duty, and (3) the communication is made to a person or persons having a corre-sponding interest, right, or duty.

*Presnell v. Pell*, 298 N.C. 715, 720, 260 S.E. 2d 611, 614 (1979) (em-phasis omitted). This duty may be public, personal, or private and of a legal, judicial, political, moral, or social nature. *Ponder v. Cobb and Runnion v. Cobb and Rice v. Cobb*, 257 N.C. 281, 296, 126 S.E. 2d 67, 78 (1962). " 'Whether the occasion is privileged is a question of law for the court, subject to review, and not for the jury, unless the circumstances of the publication are in dispute, when it is a mixed question of law and fact.' " *Towne v. Cope*, 32 N.C. App. at 664, 233 S.E. 2d at 627 (quoting *Ramsey v. Cheek*, 109 N.C. 270, 274, 13 S.E. 775, 775 (1891) ).

Defendants contend that a qualified privilege existed because publication, if any, of the defamatory statements was for the pro-tection of the interest of the recipient or a third party. The

Restatement (Second) of Torts § 595 (1977), defines this privilege in the following manner:

(1) An occasion makes a publication conditionally privileged if the circumstances induce a correct or reasonable belief that

(a) there is information that affects a sufficiently important interest of the recipient or a third person, and

(b) the recipient is one to whom the publisher is under a legal duty to publish the defamatory matter or is a person to whom its publication is otherwise within the generally accepted standards of decent conduct.

(2) In determining whether a publication is within generally accepted standards of decent conduct it is an important factor that

(a) the publication is made in response to a request rather than volunteered by the publisher or

(b) a family or other relationship exists between the parties.

In this case, defamatory statements were allegedly made by defendant Barber to plaintiff's fiancee, now wife, Norma Vail Shuping, after she and plaintiff had begun dating, but before they had married. According to Ms. Shuping's deposition, defendant Barber and she had dated one another at one time, and Ms. Shuping felt that defendant Barber's statements concerning plaintiff "started out as something personal against [her]." She did not feel he was trying to protect her in telling her things about her fiance. Ms. Shuping also stated that she had known defendant Coates "since high school," but had never "dated him." Ms. Shuping stated that she talked to defendant Coates to confirm what defendant Barber had said about plaintiff and that defendant Coates also made defamatory remarks about plaintiff. There is a discrepancy between Ms. Shuping's and defendants' testimony as to who initiated these conversations. Finally, Frances M. Vail, Ms. Shuping's mother, stated in her deposition that defendant Barber came to her home and, in the course of conversation, asked Ms. Vail, "[W]hat do you think about this mess that Norma [Ms. Shuping] has gotten herself into?" Ms. Vail stated that defendant Barber went on to make defamatory statements concerning plaintiff.

This evidence, when viewed in the light most favorable to plaintiff, raises questions of fact as to whether the occasions on which the allegedly defamatory statements were made gave rise to a conditional privilege. Accordingly, summary judgment premised on conditional or qualified privilege would not be proper.

[2] Plaintiff further contends that defendants' affirmative defense of governmental immunity is not a basis for summary judgment in defendants' favor. Defendant City of Salisbury argues that although defendant City has waived immunity to the extent of its insurance coverage pursuant to G.S. 160A-485, defendant City's liability insurance excludes coverage of damages caused by the malicious conduct of its law enforcement employees.

Under the common law, a municipality may not be held liable for torts committed by its employees in their performance of a governmental function. *Galligan v. Town of Chapel Hill*, 276 N.C. 172, 175, 171 S.E. 2d 427, 429 (1970); *Edwards v. Akion*, 52 N.C. App. 688, 691, 279 S.E. 2d 894, 896, 17 A.L.R. 4th 870, 872, *aff'd per curiam*, 304 N.C. 585, 284 S.E. 2d 518 (1981). However, G.S. 160A-485(a) provides in relevant part:

> Any city is authorized to waive its immunity from civil liability in tort by the act of purchasing liability insurance. . . . Immunity shall be waived only to the extent that the city is indemnified by the insurance contract from tort liability.

At the time of the acts alleged in plaintiff's complaint, defendant City of Salisbury had in effect a contract of liability insurance that provided, under the heading "Coverage A: Law Enforcement Employees Only," coverage for claims against the insured, the defendants in this case, arising out of any wrongful act by a law enforcement employee acting in his regular course of duty. Under the heading "Exclusions Applicable to Coverage A" is the following language:

> This Policy Does Not Apply To Any Claim As Follows:

> D. . . . claims or injury arising out of the willful, intentional or malicious conduct of any Insured.

Through the depositions of several witnesses, plaintiff presented a forecast of evidence tending to show that defendants

Barber and Coates made statements to third parties concerning plaintiff's involvement in defrauding his insurance company and in various drug-related transactions. Plaintiff, therefore, has presented a sufficient forecast of evidence showing slander *per se* thereby giving rise to a presumption of malice on the part of defendants Barber and Coates. If defendants successfully establish facts sufficient to show a qualified privilege, plaintiff would be required to show that the publication was made with actual malice in order to recover. *See Stewart v. Check Corp.*, 279 N.C. at 283, 182 S.E. 2d at 414; *Towne v. Cope*, 32 N.C. App. at 664, 233 S.E. 2d at 627. Hence, any claim by plaintiff against defendant City of Salisbury is barred by governmental immunity because the defendant City's liability insurance does not cover claims based on the malicious conduct of defendant City's law enforcement employees such as defendants Barber and Coates. Therefore, summary judgment was proper as to defendant City of Salisbury.

The individual defendants, James D. Barber and Michael Coates, however, in our view do not have the benefit of governmental immunity under the circumstances of this case. Police officers, such as defendants Barber and Coates, are public officials. *McIlhenney v. Wilmington*, 127 N.C. 146, 150, 37 S.E. 187, 188 (1900). *See also* 57 Am. Jur. 2d *Municipal, School, and State Tort Liability* § 243 (1971). As public officials, they share defendant City of Salisbury's governmental immunity from liability for "mere negligence" in performing governmental duties, but are not shielded from liability if their alleged actions were corrupt or malicious or if they acted outside of and beyond the scope of their duties. *See Smith v. Hefner*, 235 N.C. 1, 7, 68 S.E. 2d 783, 787 (1952); *Wiggins v. City of Monroe*, 73 N.C. App. at 49, 326 S.E. 2d at 43; *Pigott v. City of Wilmington*, 50 N.C. App. 401, 402, 273 S.E. 2d 752, 753-754, *cert. denied*, 303 N.C. 181, 280 S.E. 2d 453 (1981).

As discussed above, the depositions offered in opposition to defendants' motion for summary judgment forecast evidence of slander *per se* on the part of defendants Barber and Coates so malice is presumed on the part of the speakers. If defendants successfully establish the affirmative defense of qualified privilege, plaintiff will be required, in order to recover, to show that the publication was made with actual malice. Because malice is presumed or must be shown in any event, plaintiff's claim against de-

fendants Barber and Coates is not barred by the governmental immunity which shields defendant City of Salisbury from liability.

[3]   As a final matter, defendants assert that summary judgment was properly granted in favor of defendants because plaintiff's complaint improperly alleged that defendants were jointly liable for slander without any allegation of conspiracy. While we agree that defendants Barber and Coates may not be found jointly liable on the facts before us, the improper pleading does not justify granting summary judgment for defendants.

In general, slander is an individual tort, and two or more persons each uttering slander against the same individual may not be held jointly liable in the absence of a conspiracy between or among them. *Manley v. News Co.*, 241 N.C. 455, 459-460, 85 S.E. 2d 672, 675 (1955); *Rice v. McAdams*, 149 N.C. 29, 30, 62 S.E. 774, 774 (1908). Plaintiff did not plead conspiracy on the part of defendants Barber and Coates, nor did plaintiff present any forecast of evidence regarding such a conspiracy. Although defendants may not be held jointly liable, plaintiff is not precluded from pursuing his claims against both defendants in the same civil action. G.S. 1A-1, Rule 20(a), provides for permissive joinder of defendants where "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all parties will arise in the action." Under G.S. 1A-1, Rule 20(b), the trial judge may enter orders necessary to avoid abuse or prejudice.

Moreover, even if the parties had been improperly joined, G.S. 1A-1, Rule 21, states:

Neither misjoinder of parties nor misjoinder of parties and claims is ground for dismissal of an action; but on such terms as are just parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action. Any claim against a party may be severed and proceeded with separately.

Summary judgment, like dismissal of the action, is inappropriate in cases of misjoinder of parties and claims.

For the reasons stated above, we hold that the trial court correctly granted summary judgment in favor of defendant City

of Salisbury. The trial court erred, however, in granting summary judgment in favor of defendants Barber and Coates; therefore, we reverse the summary judgment as to the individual defendants and remand the cause to the trial court.

Affirmed in part; reversed in part and remanded.

Judges WELLS and PHILLIPS concur.