ROBERT J. COMBS v. THE TOWN OF BELHAVEN, NORTH CAROLINA, A
MUNICIPAL CORPORATION

No. 912SC423

(Filed 7 April 1992)

**Municipal Corporations § 12.3 (NCI3d) — waiver of sovereign immunity — terms of insurance policy**

The trial court properly granted defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6), in an action for damages arising from the removal of automobiles and a mobile home from plaintiff's property by municipal employees. As insurance coverage relating to all Public Employees/Officials specifically excluded the acts set forth in plaintiff's complaint and the town employees alleged to have committed these acts cannot be defined as Law Enforcement Employees, for whom there is no exclusion for such acts, the trial court properly concluded as a matter of law that defendant town had not waived its sovereign immunity with respect to plaintiff's claims.

**Am Jur 2d, Municipal, County, School, and State Tort Liability § 38.**

APPEAL by plaintiff from *Reid (David E., Jr.), Judge.* Order entered 11 February 1991 in Superior Court, BEAUFORT County. Heard in the Court of Appeals on 9 March 1992.

In this civil action, plaintiff seeks to recover from defendant town for damages allegedly resulting from the wrongful entry upon his premises by employees of defendant who thereafter removed certain personal property from the premises and inflicted damage upon plaintiff's real property and remaining personal property.

In his complaint, plaintiff alleged that on 7 July 1986 he was the record owner of two lots located within the Town of Belhaven upon which was located a mobile home and its contents and several automobiles. The lots also contained fruit trees, flower gardens, ornamental trees and various shrubs. According to plaintiff, on that date "the defendants or their agents" wrongfully entered upon his property and removed the mobile home and its contents as well as the automobiles. Plaintiff further alleged that defendant's agents destroyed the flowers, trees and shrubs, and severely damaged the mobile home and automobiles.

COMBS v. TOWN OF BELHAVEN

[106 N.C. App. 71 (1992)]

The answer filed by defendant stated that town employees, acting pursuant to instructions by the Town Manager, had in fact entered upon plaintiff's premises and removed "junked motor vehicles." Defendant cited G.S. 160A-193, as well as a similar municipal ordinance, as authority for the town to "summarily remove, abate or remedy everything in the city limits that is dangerous or prejudicial to the public health or public safety." Defendant further pled sovereign immunity as a bar to plaintiff's claims.

Defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. When this motion came on for hearing before Judge Reid, the parties stipulated that, for the purposes of the 12(b)(6) motion, the pleadings would include the complaint and the answer, as well as an affidavit of the Town Manager to which were attached copies of the insurance policies which provided liability coverage to defendant town at the time plaintiff's alleged damage occurred.

Following this hearing, the trial court issued an Order as follows:

5. Plaintiff has urged the Court and the Court agrees that plaintiff may recover damages only if defendant Town of Belhaven was indemnified by an insurance contract against acts such as those addressed by the Complaint and Motion to Dismiss and Answer;

6. Review of Defendant Town of Belhaven's insurance contracts discloses that, as a matter of law, defendant was not indemnified against the acts set out in the Complaint and Motion to Dismiss and Answer;

7. Defendant, Town of Belhaven, has not waived sovereign immunity.

From the judgment dismissing the complaint against the Town of Belhaven, plaintiff appeals.

*James R. Vosburgh for plaintiff, appellant.*

*James B. McMullan, Jr., for defendant, appellee.*

HEDRICK, Chief Judge.

The only question brought forward and argued on appeal is whether the trial court erred in holding as a matter of law that defendant Town of Belhaven had not waived sovereign immunity

with regard to actions by town employees such as those set forth in plaintiff's complaint.

Under the common law, a municipality may not be held liable for torts committed by its employees in their performance of a governmental function. *Shuping v. Barber*, 89 N.C. App. 242, 246, 365 S.E.2d 712, 715 (1988), *citing Galligan v. Town of Chapel Hill*, 276 N.C. 172, 175, 171 S.E.2d 427, 429 (1970); *Edwards v. Akion*, 52 N.C. App. 688, 691, 279 S.E.2d 894, 896, *aff'd per curiam*, 304 N.C. 585, 284 S.E.2d 518 (1981). According to G.S. 160A-485(a), however, a town may waive this immunity by purchasing liability insurance. Immunity is waived only to the extent that the city or town is indemnified by the insurance contract from liability for the acts alleged. *Id.*, *Shuping v. Barber*, 89 N.C. App. at 246, 365 S.E.2d at 715.

On 7 July 1986, the defendant town of Belhaven had in effect two insurance policies. All parties agree that the policy entitled "General Liability-Automobile Policy" has no application to the facts of this case. The second policy, entitled "North Carolina Public Officers & Employees Liability Insurance," contains Coverage A which applies to Law Enforcement Employees only and Coverage B which applies to all Public Employees/Officials except Law Enforcement Employees. Both coverages insure the Town of Belhaven against claims arising out of any wrongful act by any member of the specified class of employees which occurred while that employee was acting within the scope of his employment.

Both coverages contain exclusions. Coverage B specifically excludes claims against an employee or official other than a Law Enforcement Employee for ". . . loss, damage to or destruction of any tangible property or the loss of use thereof by reason of the foregoing; [and] . . . for injury arising from: . . . wrongful entry or eviction or other invasion of the right of private occupancy." These contractual provisions clearly exclude coverage for the claims set forth by plaintiff. Coverage A, however, does not contain an exclusion for such acts committed by a Law Enforcement Employee.

Plaintiff argues that the agents of defendant who allegedly damaged his property should fall within the policy definition of Law Enforcement Employees. Plaintiff asserts the position that any employee of the Town of Belhaven who is called upon to enforce a town ordinance should be classified as a Law Enforcement

Employee. Defendant argues that such a construction is inconsistent with the clear language of the insurance contract.

The policy attempts to define the term "Law Enforcement Employee" by stating simply that it shall be any person employed by a "Law Enforcement Agency." There is no definition of Law Enforcement Agency within the policy. The declaration page does state, however, that the Town of Belhaven had only 12 "Law Enforcement Employees" upon the effective date of this policy. There was a total of 54 "Public Employees/Officials" who were not considered "Law Enforcement Employees."

When the terms of a contract are clear and unambiguous, a court may interpret that contract as a matter of law. *Martin v. Ray Lacky Enterprises*, 100 N.C. App. 349, 354, 396 S.E.2d 327, 330 (1990), *citing Lane v. Scarborough*, 284 N.C. 407, 200 S.E.2d 622 (1973). We hold that the declaration page of this insurance policy, along with the definitions set out above, conclusively establishes that the contracting parties did not intend to include every town employee who might be called upon to perform an action authorized or dictated by a municipal ordinance within the definition of "Law Enforcement Employee."

As coverage relating to all Public Employees/Officials specifically excluded the acts set forth in plaintiff's complaint and the town employees alleged to have committed these acts cannot be defined as Law Enforcement Employees, the trial court properly concluded as a matter of law that defendant town had not waived its sovereign immunity with respect to plaintiff's claims.

The order dismissing plaintiff's claim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure is affirmed.

Affirmed.

Judges ORR and WALKER concur.