Moore v. Brooks, 2026 NCBC 53.

STATE OF NORTH CAROLINA

DURHAM COUNTY

KELLY F. MOORE, individually and
as Executor of the ESTATE OF
DRUE A. MOORE; MILES MOORE,
individually and on behalf of his
minor brother, COLE MOORE; KMC
MOORE LLC, as Trustee of the
REDWOOD TRUST, u/a/d April 10,
2017; and RICK GRAVES, as Trustee
of the REDWOOD LIFE
INSURANCE TRUST u/a/d
November 15, 2018,

               Plaintiffs,

v.

ROBERT SCOTT BROOKS and
WINTHROP INTELLIGENCE, LLC,

               Defendants.

_____

ROBERT SCOTT BROOKS and
WINTHROP INTELLIGENCE, LLC

               Crossclaim
               Plaintiffs,

v.

REDWOOD WI HOLDINGS, LLC

               Crossclaim
               Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV001214-310

**ORDER OF INCLINATION AND
OPINION ON PLAINTIFFS' RULE 60
MOTION TO SET ASIDE ORDER AND
OPINION ON ROBINSON
DEFENDANTS' MOTION TO DISMISS**

1. This matter is before the Court on Plaintiffs' motion to set aside the Court's 7 November 2025 Order and Opinion dismissing former defendants D. Scott Robinson, Robinson Law Group LLC d/b/a Opes Law, and Opes Directed Fiduciary

Services, LLC (collectively, the "**Robinson Defendants**") for lack of personal jurisdiction. (ECF No. 143).

2.      Plaintiffs invoke Rule 60(b)(4) of the Rules of Civil Procedure, arguing that the Robinson Defendants' motion to dismiss, (ECF No. 29), was not properly before this Court due to a filing error and that the Court's 7 November 2025 Order and Opinion, (ECF No. 121), is therefore void. (ECF No. 143 at 1–5).

3.      Plaintiffs have perfected their appeal of that Order and Opinion to the Supreme Court of North Carolina. (ECF No. 135); *Moore v. Robinson*, No. 68A26 (N.C. filed Feb. 25, 2026). Nonetheless, the parties request that the Court issue an Order of Inclination, indicating its probable disposition of the motion if the appeal were not otherwise pending. *Hagwood v. Odom*, 88 N.C. App. 513, 518 (1988) (explaining that the Court "retains limited jurisdiction to hear a Rule 60(b) motion and to indicate its probable disposition after the notice of appeal has been entered" (citations omitted)). In the exercise of judicial discretion, the Court will do so.

4.      Having considered the motion, the arguments of counsel, applicable law, and all appropriate matters of record, inasmuch as the Court retains limited jurisdiction to do so in light of the perfected appeal, the Court **INDICATES** that its probable disposition would be to **DENY** the motion for the reasons set forth below.

> *Ward and Smith, P.A., by E. Bradley Evans, Gavin B. Parsons, and Jordan Spanner, for Plaintiffs Kelly F. Moore, individually and as executor of the estate of Drue A. Moore; Miles Moore, individually and on behalf of his minor brother, Cole Moore; KMC Moore LLC, as trustee of the Redwood Trust, u/a/d April 10, 2017; Rick Graves, as trustee of the*

*Redwood Life Insurance Trust u/a/d November 15, 2018; and Crossclaim Defendant Redwood WI Holdings, LLC.*

*Phelps Dunbar, LLP, by Jonathan Hall, for Defendants D. Scott Robinson; Opes Directed Fiduciary Services, LLC; and Robinson Law Group LLC d/b/a Opes Law.*

*Everett Gaskins Hancock Tuttle Hash LLP, by E.D. Gaskins and James M. Hash, for Defendants Robert Scott Brooks and Winthrop Intelligence, LLC.*

Houston, Judge.

## I. BACKGROUND

5.      This action was designated as a complex business case under Rules 2.1 and 2.2 of the General Rules of Practice for the Superior and District Courts and assigned to the undersigned Business Court judge on 10 March 2025. (ECF No. 1).

6.      On 5 May 2025, the Robinson Defendants filed and served a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal matter jurisdiction. That motion was initially, and timely, filed and served that day via the Business Court's efiling system, commonly known as "Alpine" or "eFlex." (ECF No. 29).

7.      However, the motion was not filed within five days with the Durham County Clerk of Superior Court on the Clerk's official efiling system, commonly known as "Enterprise Justice" or "Odyssey." (ECF No. 143, ¶ 4). Instead, as the record reflects, the motion was not filed with the Clerk on Odyssey until 24 February 2026, more than nine months later. (Odyssey Index No. 150).[1]

---

[1] The Court uses the phrase "Odyssey Index" to refer to the location of filings on the Clerk's Odyssey filing system, while "ECF" refers to the location of documents filed using the Business Court's Alpine/eFlex filing system.

8.      Nonetheless, Plaintiffs and the Robinson Defendants fully briefed the motion, (ECF Nos. 29.2, 51, and 54), and the Court held a hearing on the motion on 11 July 2025, (ECF No. 62), at which those parties were represented by their counsel of record.

9.      Undisputedly, in light of the timely filing on Alpine, Plaintiffs and their counsel (i) knew of the Robinson Defendants' motion and their objection to the Court's exercise of personal jurisdiction over them and (ii) had a full and fair opportunity to brief the motion, be heard on the motion, and otherwise raise all appropriate arguments in opposition to the Robinson Defendants' motion.

10.     Though the lack of a filing on the Odyssey system was readily determinable by a review of that docket, Plaintiffs did not object to notice or service of the motion in any of their arguments, written or oral, before the Court ruled on the motion. (*See generally* ECF No. 51).

11.     On 7 November 2025, the Court issued an Order and Opinion dismissing the Robinson Defendants, from which Plaintiffs timely appealed on 5 December 2025. (ECF No. 135).

12.     At no point prior to entry of the Court's Order and Opinion did Plaintiffs raise the issue of the lack of a file-stamped motion with the Durham County Clerk of Superior Court. Instead, all parties and the Court proceeded based upon the motion that was properly filed on the Court's Alpine filing system.

13.     On 8 January 2026, more than eight months after the Robinson Defendants' original motion was filed with the Court on Alpine, more than two months after the

Court entered its Order and Opinion resolving the motion, and more than a month after Plaintiffs noticed their appeal from that Order and Opinion, (ECF No. 135), Plaintiffs filed their Rule 60 motion to set aside the Order and Opinion, contending that it is "void" and should be set aside under Rule 60(b)(4) because the Robinson Defendants had not filed their motion on Odyssey at the time of the Court's ruling. (ECF No. 143 at 5).

14. The parties have fully briefed Plaintiffs' motion, and the Court held a hearing on the motion on 24 February 2026, at which counsel for all parties were present. (ECF No. 155). That same day, at the Court's direction, the Robinson Defendants finally filed the motion on Odyssey. (Odyssey Index No. 150).

## II. ANALYSIS

15. Under Rule 60 of the North Carolina Rules of Civil Procedure, "the court may relieve a party . . . from a final judgment, order, or proceeding" when, among other things, the order or "judgment is void." N.C. R. Civ. P. 60(b)(4). A void order or judgment is one "rendered without an essential element such as jurisdiction or proper service of process," *Chen v. Zou*, 244 N.C. App. 14, 16 (2015) (internal quotations and citations omitted), or where the Court "acts in excess of [its] jurisdiction," *Allred v. Tucci*, 85 N.C. App. 138, 142 (1987) (citations omitted).

16. Generally, under Rule 3.1 of the Business Court Rules, "all filings in the Court must be made electronically through the Court's electronic-filing system [i.e. Alpine] beginning immediately upon designation of the action as a mandatory complex business case by the Chief Justice of the Supreme Court of North Carolina

or assignment to a Business Court judge pursuant to Rule 2.1 of the General Rules of Practice." BCR 3.1; *see also* Q16, *Business Court FAQs*, https://www.nccourts.gov/courts/business-court/business-court-faqs ("Until further notice, parties and counsel will continue to file documents with the Business Court using its eFlex electronic-filing system. Parties and counsel will also need to continue filing documents with the Clerk of Superior Court in the county of venue[.]"); *see generally Quick-Reference Guide for the North Carolina Business Court's Electronic Filing System*, https://www.nccourts.gov/assets/documents/publications/E-filing%20Guide%20for%20NC%20Business%20Court%2C%20printed%202026-03-12.pdf (providing for filing using the Business Court's Alpine/eFlex filing system; requiring registration; and explaining filing requirements).

17. As the Business Court Rules also make clear, however, "the Clerk of Superior Court in the county of venue maintains the official file for any action designated to the Court . . . . Accordingly, material listed in Rule 5(d) of the Rules of Civil Procedure must be filed with the Clerk of Superior Court in the county of venue, either before service or within five days after service." BCR 3.11.

18. In turn, Rule 5(d) of the North Carolina Rules of Civil Procedure identifies specific documents that "shall be filed with the court, either before service or within five days after service[.]" N.C. R. Civ. P. 5(d). Such documents include all "[w]ritten motions," such as the Robinson Defendants' Rule 12(b)(2) motion to dismiss. N.C. R. Civ. P. 5(d)(2). Under that rule, a document is filed "with the court" when filed with the appropriate Clerk of Superior Court, except that the presiding judge "may permit

the papers to be filed with the judge" by noting the filing date and having the documents delivered to the Clerk. N.C. R. Civ. P. 5(e)(1).

19. In either case, filing is to be made in a manner consistent with Rule 5 of the General Rules of Practice, which generally contemplates filing via the Odyssey system, N.C. R. Civ. P. 5(e)(1), except that "[t]he filing of documents with the North Carolina Business Court is governed by the North Carolina Business Court Rules." Gen. R. Prac. 5(f) (noting also that "[t]his rule defines how a person must file a document 'with the Clerk of Superior Court in the county of venue' under Rule 3.11 of the North Carolina Business Court Rules in counties with *Odyssey*").

20. Ultimately, "[t]he Court has discretion to disregard or strike a filing that does not comply with" the Business Court Rules. BCR 7.1(c). Further, the Court may summarily deny noncompliant filings pursuant to its inherent authority. *Overton Row Holdings, LLC v. CW Constr. & Dev., LLC*, 2026 NCBC LEXIS 117, at *7–8 (N.C. Super. Ct. June 2, 2026); *see also State v. Bellar*, 16 N.C. App. 339, 343 (1972) (discussing courts' inherent authority to strike improper filings); *Castillo v. RRD Fin., LLC*, 2025 NCBC LEXIS 114, at *9–10 (N.C. Super. Ct. Sept. 3, 2025) (striking and denying partial motion for judgment on the pleadings for failure to comply with Business Court Rules).

21. Plaintiffs assert that, because the Robinson Defendants' motion to dismiss was filed on the Business Court's Alpine filing system but was not timely filed on Odyssey, the motion was effectively non-existent and could not be ruled on. (ECF No. 51; ECF No. 144 at 4, 6–8; *see generally* ECF No. 156). The Court disagrees.

22. As they concede, by failing to file the motion on Odyssey within five days after it was filed and served via Alpine, the Robinson Defendants violated Rule 5 of the North Carolina Rules of Civil Procedure and Rule 3.11 of the Business Court Rules. N.C. R. Civ. P. 5(d); BCR 3.11; (ECF No. 154 at 3 (conceding violations)).

23. Despite Plaintiffs' contentions to the contrary, these violations did not leave the Court without jurisdiction to rule on the motion to dismiss, nor did they render the subsequent Order and Opinion void.

24. Even when a motion is not properly filed, in its discretion, a court may still consider the motion as long as the parties "were put on notice, or had reason to know," of the motion. *Towne v. Cope*, 32 N.C. App. 660, 665 (1977) (determining that the trial court properly considered a motion for summary judgment, even though it had not been filed with the Clerk, since the record reflected that the parties knew or should have known of the motion); *see Estate of Capps v. Blondeau*, 2014 NCBC LEXIS 24, at *18–20 (N.C. Super. Ct. June 17, 2014) (declining request to summarily deny a motion that had not been filed with the Clerk of Superior Court and explaining that, in evaluating such circumstances, "courts should weigh the impact of the rule violations on the non-violating party and the importance of upholding the integrity of the rules against the broader public policy favoring the resolution of disputes on their merits").

25. In fact, the Rules of Civil Procedure specifically contemplate situations in which circumstances compel courts to rule on motions before they have been filed with the Clerk of Superior Court. For example, under Rule 5(d), documents must be

filed within five days of service, yet Rule 65 of the North Carolina Rules of Civil Procedure permits courts to consider motions for temporary restraining orders or preliminary injunctions on short notice or, at times, no notice—in either case, a period often less than the five days within which the movant would be required to file the document with the Clerk of Superior Court. N.C. R. Civ. P. 65.

26. Thus, taken to its logical end, Plaintiffs' interpretation of the rules could effectively deprive the Business Court of the ability to consider motions for temporary restraining orders, preliminary injunctions, last-minute motions for extensions of time, or other motions that seek expedited relief any time before the motion has been filed with the Clerk—even if the motion has been properly filed and served via the Business Court's Alpine filing system and even though the movant, by the plain language of the rules, has five days from such contemporaneous service to get the document on file with the Clerk. N.C. R. Civ. P. 5(d); BCR 3.11.[2]

27. Similarly, Plaintiff's interpretation of the rules would appear to prevent courts from hearing or resolving oral motions made in open court since they would not otherwise constitute written motions filed specifically with the Clerk of Superior Court—even though the Rules of Civil Procedure permit courts to consider oral motions that have never been filed with the Clerk. N.C. R. Civ. P. 7(b)(1) (providing

---

[2] Notably, Plaintiffs themselves have been the beneficiaries of an extension in this case that was granted merely two days after Plaintiffs' motion was filed and served via the Alpine filing system, even though that motion then was not filed with the Durham Clerk of Superior Court for more than seven months. (*Compare* ECF Nos. 36 and 39 (Plaintiffs' motion on 22 May 2025 seeking, and Court's Order granting, extension of time to respond to the Robinson Defendants' motion to dismiss), *with* Odyssey Index No. 127 (filing the 22 May 2025 motion on Odyssey on 8 January 2026)).

that motions "made during a hearing or trial or at a session at which a cause is on the calendar for that session" need not be made by written motion).

28. While Plaintiffs' argument is understandable, it also is not persuasive.

29. The Court's Order and Opinion resolving the Robinson Defendants' Rule 12(b)(2) motion is not null or void.

30. As Plaintiffs concede, there was no material prejudice to or effect on Plaintiffs from the Robinson Defendants' rule violations.

31. Plaintiffs were aware of the substance of the motion and had the opportunity to (and did) fully brief and argue the motion. *See Towne*, 32 N.C. App. at 665; (*see also* ECF Nos. 29, 29.2, 51, 54, and 62). Further, the motion was properly filed and served via the Business Court's Alpine system, such that the subsequent failure to file with the Durham County Clerk of Superior Court was entirely technical in nature.

32. The Robinson Defendants, on the other hand, would be substantially and materially affected if the Court set aside the Order and Opinion and denied their Rule 12(b)(2) motion based on their delayed filing with the Clerk of Superior Court. *Capps*, 2014 NCBC LEXIS 24, at *18–20. Among other things, they would be subject to the Court's jurisdiction for the duration of this case. *See Slattery v. Appy City, LLC*, 385 N.C. 726, 735–36 (2024) ("[T]he power to contest the personal jurisdiction of the court and the sufficiency of service of process lies with the defendant, and the defendant fails to exercise that power at her own peril. . . . [A] defendant must assert defenses concerning personal jurisdiction or the sufficiency of service of process at the first available opportunity, or they are waived.").

33. Finally, Plaintiffs' concerns are also remedied for a far simpler reason. The Robinson Defendants' motion has now (belatedly) been filed with the Durham County Clerk of Superior Court. (Odyssey Index No. 150). Inasmuch as Plaintiffs' argument is premised primarily on the lack of such a filing, rather than merely its untimeliness, the argument is now moot.

34. Thus, the Court determines that, if its Order and Opinion were not otherwise the subject of Plaintiffs' perfected appeal, it would be appropriate to deny Plaintiffs' Rule 60 motion in the Court's discretion. *See Hagwood*, 88 N.C. App. at 518.

## III.  ANALYSIS

35. Accordingly, in the exercise of judicial discretion and in consideration of its limited jurisdiction, the Court **INDICATES** that, if the matter were not otherwise the subject of a perfected appeal, the Court's probable disposition of Plaintiffs' Rule 60 motion would be to **DENY** the motion.

**SO ORDERED**, this 9th day of June 2026.

/s/ Matthew T. Houston

Matthew T. Houston
Special Superior Court Judge
 for Complex Business Cases